## GLAUBENSKLEE a. THE HAMBURGH AND AMERICAN PACKET COMPANY.

*New York Common Pleas; Special Term, July, 1859.*

### VERIFICATION.

A managing officer of a corporation, upon whom, under section 132 of the Code, the summons is served, is to be deemed an officer of the corporation within the provision of section 157, allowing an officer to make the verification of the pleading of a corporation.

The verification made in such case by the agent is the verification of the corporation, and need not state the deponent's grounds of belief or sources of knowledge.

Motion for judgment as upon failure to answer.

The action was brought against the defendants as carriers of passengers to recover damages for injuries sustained by the plaintiff while a passenger upon their vessel. The complaint was verified, and a copy of it with summons was served upon the agent, in the city of New York, of the defendants. The de-

fendants' answer was verified by this agent. The verification stated that deponent was one of the managing agents of the defendants; that the complaint was served on him; and that he had charge of all the business of the defendants within the United States. The plaintiff's attorney returned the answer on the ground that the verification was insufficient, in that it did not set forth the deponent's grounds of belief or sources of knowledge as to the matters stated in the answer; and he now moved for judgment as upon failure to answer.

BRADY, J.—When a corporation is a party, the verification of the pleading may be made by any officer thereof (*Code*, § 157), and the officer making the verification is not required to state the grounds of his belief. His verification is that of the party. By section 134, a summons may be served upon the managing agent of a corporation, and this makes him an officer, for the purpose of the action, within the meaning of the Code, especially where there is no other officer within the jurisdiction of the court. In this case, the summons was served on the managing agent, and his verification must be regarded as that of the party. There is no other officer of the defendants within the United States; and service on him being sufficient to bring the defendants within the jurisdiction of the courts, there is no reason why he should not be treated as the party in all matters of form merely. I think the verification sufficient.

Motion denied, but without costs.