Bigelow v. Whitehall Manufacturing Co.

---

## New York Marine Court.

*Special Term—April* 5, 1879.

## CHAS. D. BIGELOW *against* THE WHITEHALL MANUFACTURING CO.; DWIGHT RIPLEY *against* THE SAME ; JAS. A. FASSELL *against* THE SAME. (Motions Nos. 2, 3 and 4.)

A director of a domestic corporation is a proper " officer " to verify an answer for a such corporation.

Where a plaintiff elects to treat the pleading of his adversary as a

Bigelow *v.* Whitehall Manufacturing Co.

nullity, he must give notice of such election before entering judgment, and the notice must specifically point out the defects complained of.

The complaints herein, having been served upon the defendant, it appeared by its attorneys, and served a combined answer and demurrer thereto, which was returned to the attorneys who served the same, with the following reasons therefor indorsed thereon. (1.) Because improperly verified. (2.) As irregular, in joining in one plea the answer and demurrer. (3.) That it was served without authority. The plaintiff in each action thereupon entered judgment as by default, and the defendant moves to set said judgments aside as irregularly entered.

*Stanley, Brown & Clarke,* for the motion.

*Armstrong & Briggs,* opposed.

McAdam, J.—-The verification was properly made by one of the trustees and directors of the defendant, a domestic corporation. He is an " officer " of the corporation, within the meaning of section 525 of the Code of Civil Procedure. This section must be read in connection with section 431 of the Code, under subdivision 3 of which a director is designated as a suitable officer upon whom process may be served to bring his corporation into court. If the service of process upon him brings his corporation into court, it would be a solecism to hold that it cannot be heard in defense, through him, after it gets in (see Graubensklee *v.* Hamburgh Co., 9 *Abb. Pr.* 104). The second ground of objection is answered by the language of section 492 of the Code, which provides that " the defendant may demur to the whole complaint, or to one or more separate causes of action therein stated. In the latter case, he may answer the causes of action not demurred to." The third ground of objection has been disposed of

adversely to the plaintiffs in the motion in Hedges against the same defendant,* and the reasons assigned in the opinion in that case will be adopted in and applied to these three actions. The plaintiffs' practice has been irregular in all of the aforesaid matters, and what makes it still more objectionable is, that each of the plaintiffs entered his judgment herein before 10 A.M., and returned the pleading said to be defective about one hour afterwards.

Section 528 of the Code provides that, "where the copy of the pleading is served without a copy of a sufficient verification, in a case where the adverse party is entitled to a verified pleading, he may treat it as a nullity, provided he gives notice with due diligence to the attorney of the adverse party that he elects so to do." The notice in these cases was not given with "due diligence," nor can it be considered a notice that the party "elects" to treat the pleading as a nullity ; for he had already treated it in that manner before he served the notice. The notice should have been served first (De Witt v. Simons, 5 *Weekly Dig.* 307), and acted upon afterward ; but even the notice itself is insufficient in not specifically pointing out the defect in the verification (Snape v. Gilbert, 13 *Hun*, 494). Practitioners who intend to hold their professional brethren to the strict rules of technical practice, must take care, before they cast the first stone, that they are at least free from the same faults and irregularities of which they complain in the practice of their adversary. The judgments in the three actions will therefore be set aside as irregular, with costs.

* See *ante*, p. 137.