Allen, J.
This is an appeal from an order of the Gfen *203 eral Term of the City Court of New York affirming an order of the Special Term of that court vacating a judgment in favor of the plaintiff as having been irregularly entered.
The defendant served its answer on the 12th of September, 1884, and on the 13th of September the plaintiff mailed to the defendant’s attorney a notice, pursuant to section 528 of the Code of Civil Procedure, that it elected to treat the answer as a nullity. On the 15th of the same month the plaintiff returned the answer with the reasons for so doing indorsed thereon, viz,:
First. That the verification did not state why the same was not made by the party defendant.
Second. That it did not state the ground of the belief of the person making such verification as to the matters not stated upon his knowledge.
The verification was made by the secretary of the defendant, which is a domestic corporation, and was in the usual form as required by the Code, where a pleading is verified by the party. The plaintiff thereupon entered judgment. The judgment was, on motion, set aside, and the plaintiff appealed to the General Term of the City Court, where the order vacating the judgment was affirmed.
The verification was sufficient. In Glaubensklee v. Hamburg American Steam Packet Co. (9 Abb. Pr. 104), the court,says: “ When a corporation is a party the verification of the pleadings may be made by any officer thereof; and the officer making the verification is not required to state the grounds'of his belief. His verification is that of the party.” This decision was made under the old Code. Whether the rule laid down in this case controls now can be ascertained by comparing the section of the Code in force at the time of this decision and the provisions of the Code of Civil Procedure as they now exist.
Section 525 of the Code of Civil Procedure is as follows:
“ The verification must be made by the affidavit of the party, or, if there are two or more parties united in interest, and *204 pleading together, by at least one of them who is acquainted with the facts, except as follows:
“ 1. Where the party is a domestic corporation the verification must be made by an officer thereof.
“ 2. Where the people of the state are, or a public officer in their behalf is a party, the verification may he made by any person acquainted with the facts.
“ 3. Where the party is a foreign corporation; or where the party is not within the county where the attorney resides, or if the latter is not a resident of the state, the county where he has an office, and capable of making the affidavit; or, if there are two or more parties united in interest and pleading together, where neither of them acquainted with the facts is within the county and capable of making the affidavit; or where the action or defense is founded upon a written instrument for the payment of money only, which is in the possession of the agent or attorney ; or where all the material allegations of the pleading are within the personal knowledge of the agent or the attorney; in either case the verification maybe made by the agent or the attorney for the party.”
And section 526 provides as follows: “The affidavit of verification must be to the effect, that the pleading is true to the knowledge of the deponent, except as to the matters therein stated to be alleged on information and belief, and as to those matters he believes it to be true. Where it is made by a person, other than the party, he must set forth in the affidavit, the grounds of his belief, as to all matters not stated upon his knowledge, and the reason why it is not made by the party.”
The section of the Code in,force when the case above referred to was decided is, in part, as follows: “ When the pleading is verified by any other person than the party, he shall set forth in the affidavit his knowledge or the grounds of his belief on the subject, and the reason why it is not made by the party. When a corporation is a party, the verification may be made by any officer thereof.”
It will be seen that the second paragraph of section 526 *205 of the present Code is the same in substance as the first paragraph of the section of the old Code above quoted, and that the last paragraph of the section of the old Code applies to all corporations and provides that the verification may be made by any officer thereof; while subdivision one of section 525 applies to domestic corporations and provides that the verification must be made by an officer thereof. The second paragraph of section 526 unquestionably refers to subdivision 3 of section 525. It is only agents or attorneys that are required, when verifying pleadings, to set forth the grounds of their belief as to all matters not stated upon their knowledge, and the reason why the verification is not made by the party. A corporation cannot take an oath, and the statute points out the way in which it must verify a pleading. Such verification is the verification of the corporation, and a verification by the party.
I do not find that there has been any change in the law in reference to the verification of pleadings which affects the decision in Glaubensklee v. The Hamburg & American Steam Packet Company. That case prescribes the rule correctly, as the law now stands.
The verification being sufficient, it is not necessary to discuss the question of due diligence in returning the answer.
The order appealed from should be affirmed.
Charles P. Daly, Ch. J., concurred.
Order affirmed.