WILLIAM H. WESTERVELT and Others, Respondents, *v.* AGRUMARIA SICULA, SOCIETA ANONIMA di TRANSPORTI MARITTIMI, Appellant.

*Affidavit on an application for an attachment — must set forth facts showing that damages have been sustained, and the facts establishing their amount.*

The affidavit upon which an application for an attachment is founded, where the damages are unliquidated, must set forth the facts which establish the damages, as the amount of damages must be shown in order to entitle the plaintiff to an attachment.

Such affidavit must also allege, not simply the conclusion that the plaintiff has suffered damage by reason of the breach of contract set forth to an amount specified, but must state the facts from which such conclusion may properly be drawn.

Appeal by the defendant from an order made at Special Term, and entered in the office of the clerk of the county of New York on September 25, 1890, denying the defendant's motion to vacate a warrant of attachment theretofore granted in the above-entitled action on August 7, 1890.

The affidavit upon which the warrant of attachment was issued alleged that the firm, of which the plaintiffs were members, were large importers of Italian green fruits from Sicily; that defendant was a foreign corporation, transacting its principal business at the city of Palermo, Sicily; that the plaintiffs' firm was appointed the American agent of such corporation, and were to receive for services, as consignees of the said corporation, first, two and one-half per cent on freight to be collected on boxes of fruit; second, two per cent on general merchandise; third, one per cent on sulphur and other minerals, of which commissions a certain percentage specified in the affidavit was to be returned to the directors of the corporation at Palermo; that said appointment was accepted by the firm, and the agreement in respect thereto was fully performed by it, and that services were rendered under such agreement.

The affidavit further stated as follows: " We have duly demanded of the defendant, through Angelo Tagliavia, our agent in Palermo, the carrying out of their contract of agency with us, or at least the payment to us of commissions earned, and of such return commis-

sions as are due us as consignees of fruit. Our damages through the absolute refusal of the defendant thus to pay us, and through the summary breach of their contract with us, amounts to $5,000. Said Hirzel, Feltmann & Co. have also refused to account to us for our said commissions, or for any sum whatever, which said firm has been collecting for us. My firm is entitled to recover said sum of $5,000 from defendant, over and above all counter-claims known to me or my said firm."

*J. W. McElhinney*, for the appellant.

*F. W. Hinrichs*, for the respondents.

VAN BRUNT, P. J. :

We think that the motion should have been granted. There are no facts set up in the affidavits upon which the attachment was granted from which the court can judge what amount, if any, of damages have been sustained by the plaintiffs. In an action upon contract for the payment of a sum certain, it appears from the contract itself what the damages will be. In an action, however, for unliquidated damages it depends upon the facts of the case as to whether the plaintiff has sustained merely nominal or real damage. A cause of action may be completely set forth where only nominal damages can be recovered, and, therefore, in an affidavit upon which to found an application for an attachment, where the damages are unliquidated, it is necessary for the plaintiff to set out the facts which he claims proves his damages, in order that the court may judge as to whether he has evidence of damage, and that his allegation of damage is not mere matter of speculation. The Code requires an affidavit which must show a cause of action, and, necessarily, where the damages are unliquidated, show the amount of damage in order to entitle the party to an attachment. A complaint will not suffice, because it is the office of a complaint to allege conclusions of fact deduced from evidence, whereas, it is the office of an affidavit to set out the evidence establishing these conclusions of fact. Therefore, although an allegation in the complaint that the plaintiff has suffered damage by reason of the breach of a contract to the amount of $5,000 may be sufficient; yet in an affidavit such an allegation amounts to nothing because the evidence from which that conclu-

sion is drawn is not set forth.    The court must determine, from the evidence placed before it, whether a case is made out or not, and it is not for the party to judge for himself, which latter seems to be the opinion in view of the manner in which allegations in affidavits are frequently made.    In the case at bar there is nothing from which the court can adjudge that the plaintiff has sustained a single dollar of damage.    He may set out facts showing nominal damages, but no facts are spread upon this record going to show any real substantial injury which the plaintiff has sustained; this allegation that he has been damnified to the extent of $5,000 is nothing but an expression of his opinion so far as these papers are concerned, and his opinion upon the subject cannot be considered by the court.

We think, therefore, in view of the deficiency of the affidavits in this case, the motion to vacate should have been granted, and the order should be reversed and the attachment vacated, with ten dollars costs of appeal and the disbursements.

BRADY and DANIELS, JJ., concurred.

Order reversed and attachment vacated, with ten dollars costs of appeal and the disbursements.