JOHN GRAY and Another, Respondents, *v.* THE CENTRAL RAILROAD COMPANY of New Jersey, Appellant.

| | |
|---|---|
| 82 | 523 |
| 147a | 275 |

*Executory contract for the sale of specific personal property — breach thereof by the vendee — remedies of the vendor — measure of damages.*

Upon the failure of a vendee to perform an executory contract for the purchase of specific personal property, the vendor may sell it and recover the difference between the contract price and the price for which it is sold, or he may retain the property and recover his damages for the breach of contract, and where the vendor elects to sue for the damages (claiming to hold the property as his own) the damage is the difference between the contract price and the actual value of the property at the time of the refusal of the vendee to accept it.

The vendor of personal property has three remedies against the vendee in default: He may store the property for the buyer and sue for the purchase price, or he may sell the property as agent for the vendee and recover any deficiency resulting, or he may keep the property as his own and recover the difference between the contract price and the market price at the time and place of delivery. These three remedies are not concurrent, but upon default the person injured must make his election, and the remedy which he has elected to pursue must be determined from the complaint in the action brought by him. (Per O'BRIEN, J.)

APPEAL by the defendant, The Central Railroad Company of New Jersey, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 3d day of July, 1894, upon the verdict of a jury, rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 26th day of June, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Robert W. De Forest* and *Robert Thorne,* for the appellant.

*Jacob F. Miller,* for the respondents.

FOLLETT, J.:

This action was brought to recover damages for the alleged failure of the defendant to perform an executory contract for the purchase of a steamboat. On the 17th of December, 1866, the parties entered into the following contract:

" OFFICE OF THE PRESIDENT,
" CENTRAL RAILROAD OF NEW JERSEY, 103 LIBERTY ST.
" JOHN TAYLOR JOHNSTON, *Pres't.*

" NEW YORK, *Dec. 17th,* 1866.

" The Central Railroad Company of New Jersey agree to buy the steamboat 'John Adams,' from J. & R. J. Gray, for the sum of fifteen thousand dollars cash, providing, upon trial, they are satisfied with the soundness of her machinery, boilers, etc.; and the said J. & R. J. Gray agree to sell the above boat for the above price.

" JOHN TAYLOR JOHNSTON,
" *Prest.*

" J. & R. J. GRAY."

The defendant refused to take the boat and pay the price agreed. After the refusal of the defendant to accept it the plaintiffs evidently contemplated selling it and suing the defendant for the difference between the contract price and the amount that the boat should bring when sold.

On the 9th of January, 1867, they gave the following notice:

" LAW OFFICES OF MILLER & PEET,
" 192 BROADWAY, COR. JOHN ST.

" NEW YORK, *Jan.* 9, 1867.

" *The Central Railroad Company of New Jersey:*
" Take notice, that the steam ferryboat *John Adams* will be sold at public auction at the Merchants' Exchange salesrooms, 111 Broadway, N. Y., on 22d instant, at 12 M., by E. H. Ludlow & Co., auctioneers, and that you will be held liable for any difference between the amount of said sale and the amount for which said boat was sold to you by us, with all costs, expenses and charges.

" Yours,
" J. & R. J. GRAY,
" Per MILLER & PEET,
" *Attys.*"

The boat was not sold at auction, pursuant to this notice, but on the 22d of April, 1867, it was sold at private sale to Samuel Lapham for $8,000.

Upon the failure of a vendee to perform an executory contract for the purchase of specific personal property the vendor may sell it and

recover the difference between the contract price and the price for which it is sold, or he may retain the property and recover his damages for the breach, the measure of which is the difference between its actual value at the time of the breach of the contract and the contract price. (*Dustan* v. *McAndrew*, 44 N. Y. 72; *Hayden* v. *Demets*, 53 id. 426; *Bridgford* v. *Crocker*, 60 id. 627.)

This action is for the recovery of damages for the failure of the defendant to take and pay for the vessel. On the trial but little evidence was given bearing upon the question of the actual value of the vessel at the time it is asserted the defendant should have received it. It was shown that the plaintiffs sold the boat April 22, 1867, for $8,000, and, perhaps, the vessel was so described that there was sufficient evidence to authorize the jury to determine its actual value, but that question was not submitted to them.

One of the plaintiffs testified : " Q. Didn't you testify on the former trial, Mr. Gray, in response to the question : ' Did you not regard the boat at that time' (referring to the time of this transaction) ' as reasonably worth $15,000 ?' did you not testify, ' I regard her as worth more ?' A. What time have your reference to, Mr. De Forest ? Q. I have reference to about the time of this trial trip, when she was laid up in Hoboken. A. What I meant when I made the response to that question was that when she was sold to the New Jersey Central railroad she was worth more than $15,000 ; she was sold below her value ; that was the meaning of that answer. Q. And that is what you mean now ? A. That is what I mean now. Q. And that is your present opinion ? A. That is my own judgment."

In this case under the complaint the measure of damages was the difference between the contract price and the actual value of the vessel. In instructing the jury on the question of damages the court charged that if the plaintiffs were entitled to a verdict they were entitled to the difference between the contract price — $15,000 — and $8,000, the amount for which they sold the boat, with interest, for which sum a verdict was rendered. To this instruction the defendant excepted and asked the court to charge :

" 10. That the measure of damages is the difference between contract price and the actual value of the boat at the time of the refusal to take her."

"13. That if on the evidence the boat appears to have been worth the contract price at that time, then plaintiffs cannot have a verdict for more than nominal damages." These requests were refused and the defendant excepted. By these requests the attention of the court was specifically called to the true rule of damages applicable to the issue in this case, and it was error to instruct the jury that the measure of damages was the difference between the contract price and the price for which the boat was subsequently sold.

For this error the judgment and order must be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., concurred.

O'BRIEN, J.:

The plaintiffs, against the persistent objection and exception of the defendant, were permitted to recover the difference between the contract price and the price that the steamboat brought upon a resale, and this recovery is sought to be sustained upon the authority of *Van Brocklen* v. *Smeallie* (140 N. Y. 70, 75). That case lays down no new rule of damages, but restates what has been frequently held, as shown in the cases referred to by Mr. Justice FOLLETT. It must be regarded, therefore, as settled law, as said in *Van Brocklen* v. *Smeallie*, that "the vendor of personal property has three remedies against the vendee in default : The seller may store the property for the buyer and sue for the purchase price, or may sell the property as agent for the vendee and recover any deficiency resulting ; or may keep the property as his own and recover the difference between the contract price and the market price at the time and place of delivery."

These remedies are not concurrent, but upon default the person injured must make his election, and the remedy which he has so elected must be determined from his complaint. Here the plaintiffs, as shown by the complaint, elected to treat the property as their own, and brought their action for damages, and under such complaint the only damages recoverable are the difference between the contract price and the market value. Notwithstanding such election, however, and without proper allegations in the complaint, the plaintiffs were permitted to sue upon one theory and recover upon another.

I concur, therefore, with Mr. Justice FOLLETT that, under the

complaint and against the objection of the defendant, the plaintiffs could not recover the difference between the contract price and the price which the steamboat brought upon a resale, and that for this reason the judgment must be reversed and a new trial ordered, with costs to appellant to abide event.

Judgment and order reversed, new trial granted, with costs to appellant to abide event.