(11 Misc. Rep. 294.)

### DURYEA, WATTS & CO., Limited, v. RAYNER.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

1. APPEALABLE ORDER—REFUSAL TO VACATE ATTACHMENT.

An order of the general term of the New York city court, affirming an order denying a motion to vacate an attachment, is reviewable on appeal to the court of common pleas, where no question of discretion is involved, and the legal sufficiency of the papers on which the attachment is obtained is alone disputed.

2. PLEADING—VERIFICATION BY OFFICER OF CORPORATION.

The verification of a complaint by the president of plaintiff corporation, in the usual form required in the case of a verification by a party, is sufficient, without stating the sources of his knowledge.

3. ATTACHMENT—AFFIDAVIT—PROOF OF DAMAGES.

A complaint alleged that plaintiff sold certain goods to defendant, who received and paid for a part; that plaintiff was ready and willing to deliver the remainder, but that defendant refused to receive the same; and alleged that damages in a certain sum resulted. An attachment was granted on an affidavit which referred to the complaint as part thereof, but alleged no further facts with regard to the cause of action. *Held*, that the affidavit did not prove plaintiff's damages to the satisfaction of the judge, as required by Code Civ. Proc. § 636, but only alleged unliquidated damages for breach of contract.

Appeal from city court, general term.

Action by Duryea, Watts & Co., Limited, a domestic corporation, against Julius Rayner. From an order of the city court affirming (without opinion) an order denying defendant's motion to vacate an attachment on the papers on which it was granted, defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Robert L. Wensley, for appellant.
L. B. Bunnell, for respondent.

BISCHOFF, J. An appeal lies to this court from an order such as that before us, where it appears that no question of discretion

is involved, and the legal sufficiency of the papers upon which the attachment was obtained is alone in dispute. Murphy v. Jack, 142 N. Y. 217, 36 N. E. 882; Allen v. Meyer, 73 N. Y. 3; Wallace v. Castle, 68 N. Y. 373; Walsh v. Schulz, 6 Civ. Proc. R. 126. It is claimed that the verification of the complaint in this case was defective because made by the president of the plaintiff corporation without a statement of the sources of. his knowledge regarding the matters in suit. The objection is without force. The verification being in the usual form required in the case of a verification made by a party, it was sufficient as made by the affiant, an officer of a domestic corporation. American Insulator Co. v. Bankers' & M. Telegraph Co., 13 Daly, 200.

The main objection is made to the matters stated in the.complaint leading to the allegation of damage, it being contended that damage was in no way shown to have resulted from the facts alleged, and that, therefore, the plaintiff did not establish the fact that it was "entitled to recover a sum stated." Code, § 636. It is alleged that the plaintiff sold to the defendant "six car loads of flour, amounting in the aggregate to twelve hundred and six sacks, at and for the price of three and 90/100 dollars per 196 lbs"; that subsequently plaintiff delivered, and defendant received and paid for, one car load of 210 sacks. The plaintiff's readiness and willingness to deliver the remaining five car loads, and the defendant's refusal to receive the same, is alleged, and resulting damages in the sum of $525 are claimed. An affidavit was also submitted as required by section 636 of the Code, and the complaint was made a part of the affidavit by reference, but no further facts with regard to the cause of action were alleged. Upon this appeal we have but to determine whether the facts presented to the court below tended to show a compliance with the statutory requirements. If so, the court having acquired jurisdiction to grant the attachment, the appellant would have no standing before this court. Bank v. Alberger, 78 N. Y. 258; National Shoe & Leather Bank v. Mechanics' Nat. Bank, 89 N. Y. 440. The complaint definitely sets forth a breach of contract by the defendant, in so far as he refused to receive five car loads of flour, aggregating 996 sacks, and the plaintiff makes a verified statement as to its damage by reason of the defendant's failure to receive and pay for them as agreed. This, however, does not afford proof "to the satisfaction of the judge," which satisfaction must be judicial, and not merely personal (Mott v. Lawrence, 17 How. Prac. 559; Dolz v. Transportation Co., 3 Civ. Proc. R. 162), that the plaintiff is "entitled to recover a sum stated" (Code, 636). It is true that the elements of a cause of action for breach of contract are here shown, and the fact that the exact method adopted by the plaintiff in computing the damages alleged does not appear, nor the precise causes leading to this damage, would not be of effect upon the question of jurisdiction here presented, if it could be reasonably inferred from the allegations that some damage necessarily resulted. Haebler v. Bernharth, 115 N. Y. 464, 22 N. E. 167. But here there is no averment from which such an inference is to be drawn. For the purpose of presenting the jurisdictional facts as

required by the Code, an allegation of unliquidated damages for breach of a contract, such as would suffice for a complaint, cannot avail, where it is not further made to appear that damages beyond those of a nominal nature were necessarily sustained. Westervelt v. Agrumaria Sicula, Societa, etc., 58 Hun, 147, 11 N. Y. Supp. 340. In the proofs here submitted there was nothing to authorize an inference that loss resulted from the defendant's failure to accept the goods, and, while the complaint was sufficient as a pleading, it was insufficient as evidence of the facts to be set forth as a statutory condition to the granting of the attachment, and the appeal must prevail. Orders of general and special terms reversed, and motion granted, with costs. All concur.