## MORTON v. CHESLEY.

(Supreme Court, Special Term, New York County. February, 1896.)

ARREST—COMPLAINT—SPECIFICATION OF VALUE.

    Code Civ. Proc. §§ 1695 (subd. 6), 1722, 1726, and 1730, make the value of the chattel an essential element in the different orders in an action of replevin; and therefore, to sustain an order of arrest under section 550, for removing and concealing an article sought to be recovered in such action, the complaint must specifically allege its value.

Action by Morton, etc., against Chesley. Defendant moves to vacate an order of arrest. Granted.

Blair & Rudd, for plaintiff.

Norwood & Dilley, for defendant.

LAWRENCE, J. This is an action of a sole surviving partner, to recover the possession of certain books of account, the property of the partnership. The defendant is the administrator of the deceased partner. The arrest was granted upon an allegation that the defendant had removed a part of these books from the state of New York, so that they could not be found or taken by the sheriff. The motion is made upon the papers upon which it was granted, namely, the complaint and certain affidavits. There is no positive allegation of the value of the books in the complaint, and this is claimed to be a fatal defect, on the authority of Crotty v. Kimball, 22 Wkly. Dig. 433, and Gordon v. Fox (Sup.) 11 N. Y. Supp. 5.

In Crotty v. Kimball the order of arrest was granted upon the complaint and affidavit of one of the plaintiffs, in which it was alleged that the defendant, who was an attorney at law, had been employed by the plaintiffs, as administratrices of an estate, to appear for them and represent them in closing up said estate, and that, in the course of his employment, defendant received the sum of $6,123.23, belonging to said estate; that plaintiffs had frequently demanded of defendant the said sum, with interest, less different amounts defendant had, from time to time, paid out by direction of plaintiffs, but that defendant had refused to pay the same, though admitting that there was a large unexpended balance remaining of said amount. There was, however, no statement made of any specific sum alleged to be due. The general term of this department (Brady, J., delivering the opinion) held:

"That the statement of some specific sum due in an action of this character is essentially necessary to authorize an order of arrest, for the reason that the amount of bail in which defendant is to be held is controlled by the alleged indebtedness."

Gordon v. Fox was an action for the specific performance of a contract for the transfer of an interest in a patent, the plaintiff alleging that the value of the interest is $250,000, but stating no facts justifying that assertion. It was held by Barrett, J., at special term, that there was nothing alleged to show the value of the patent, and that an order of arrest granted under section 550 [1] of the Code of Civil Procedure should be vacated, for the reason that there was nothing upon which to fix bail.

In Thompson v. Gould, 16 Abb. Prac. (N. S.) 424, it was held that, in an action for damages for refusal to receive and pay for certain gold contracted for by defendants, an allegation of damages in the complaint in the words that, by said refusal, plaintiff assignee was damaged in the sum of $567,000, without, as matter of fact, showing how that or any damage arises, was insufficient to give defendants notice of the question to be tried, and a demurrer to such complaint for want of sufficient cause of action was sustained.

The only averment in this case bearing upon the question of value is contained in paragraph 8 of the complaint, which is as follows: "That, by reason of the wrongful taking and detention of said books, plaintiff has suffered damage in the sum of $1,000." If the cases above cited are applicable to this case, this allegation would appear to be too indefinite to enable the court to fix the amount of bail. Section 1695 of the Code of Civil Procedure (subdivision 6) requires a plaintiff in an action of replevin to state the actual value of the property. Section 1722 provides for the recovery of damages for injury to or depreciation of a chattel while in the defendant's possession, and requires that in that case he must set forth the facts in his complaint, and demand judgment for damages accordingly. Section 1726 provides that the verdict, re-

[1] Code Civ. Proc. § 550, provides, inter alia, that defendant may be arrested in an action to recover a chattel so disposed of that it cannot be found.

port, or decision must fix the value of the chattel where the chattel has not been replevied.   And section 1730 makes the value thus determined an element of the judgment.   I agree with the counsel for the defendant that, the element of value thus being an issue in the case, it should have been pleaded.   See, also Westervelt v. Agramaria, etc., 58 Hun, 147, 11 N. Y. Supp. 340.

For these reasons, I am of the opinion that the order of arrest should be vacated, with costs to the defendant.