SPIES v. MUNROE et al.

(Supreme Court, Appellate Division, First Department. December 9, 1898.)

1. APPEAL AND ERROR—INTERLOCUTORY JUDGMENT.
Under Code Civ. Proc. § 1349, providing for appeal from an interlocutory judgment at special term, there can be no appeal from a decision sustaining a demurrer on which an interlocutory judgment was entered.

2. PLEADING—LEGAL CONCLUSION.
An allegation in an answer that, after full discovery of all the facts relating to the transactions mentioned in the complaint, plaintiff confirmed the payment to defendant of the money sued for, which was made at the request of W., and elected to consider it a valid payment to defendant for W., and to look to him for repayment, does not state a legal conclusion.

Appeal from special term, New York county.

Action by Amelia L. Spies against John Munroe and others. There was a judgment for plaintiff, and from the judgment, and the decision on which it was entered, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

George A. Strong, for appellants.

James H. Warner, for respondent.

McLAUGHLIN, J. The demurrer was interposed to the third separate defense set out in the defendants' answer, upon the ground that it was insufficient in law, and that it did not constitute a defense to the plaintiff's cause of action. The demurrer was sustained, and the defendants appealed, not only from the interlocutory judgment, but also from the decision upon which it was entered. There is no authority for appealing from the decision. Bank v. Lynch, 76 N. Y. 514. The

appeal must be from the interlocutory judgment. Code Civ. Proc. § 1349. So much, therefore, of the appeal as is taken from the decision must be dismissed.

The learned justice at special term, as appears from his opinion, held that the answer demurred to was insufficient, because it stated a "conclusion of law only." In this we think he was mistaken. The allegations are that:

"With full knowledge of all the facts in any way connected with or relating to said transactions, the plaintiff duly ratified and confirmed in all respects the payment to this defendant of the sum of seven thousand five hundred dollars ($7,500) mentioned in the complaint, * * * and elected to consider the same a proper and valid payment to defendants, made at the request and for the benefit of W. A. Waydel & Co., and to look to them for repayment of such sum."

Facts are here alleged which, if established upon the trial, would constitute a defense to the action. It was not necessary for the defendants to set out the evidence by which the facts were to be established. It is obvious from the opinion delivered by the learned trial justice that he inadvertently fell into an error by applying to a pleading the rule applicable to affidavits. In an affidavit, the evidence establishing a fact, and not a conclusion of fact drawn from the evidence, must be set forth, while a pleading need contain simply a statement of fact, and not the evidence to establish it. This distinction was pointed out by the presiding justice of this court, while sitting in the late general term, in Westervelt v. Agrumaria Sicula, Societa Anonima di Transporti Marittimi, 58 Hun, 147, 11 N. Y. Supp. 340. He said:

"It is the office of the complaint to allege conclusions of fact adduced from evidence, whereas it is the office of the affidavit to set out the evidence establishing this conclusion of fact."

The following allegations in a pleading have been held to be a sufficient allegation of fact: That an election was duly and legally held. People v. Ryder, 12 N. Y. 433. That a note was duly indorsed by an officer duly authorized. Nelson v. Eaton, 26 N. Y. 410. That a corporation was duly organized. Lorillard v. Clyde, 86 N. Y. 384. That the defendant was not the true owner, and was not seised of the premises in fee. Woolley v. Newcombe, 87 N. Y. 605. Under these authorities, and many others which might be cited, it seems to us clear that the demurrer should have been overruled.

It follows, therefore, that the interlocutory judgment appealed from must be reversed, with costs and disbursements, and the demurrer overruled, with costs, with leave to the plaintiff to withdraw demurrer on payment of costs in this court and in the court below. All concur.