### BLICK v. FABIAN et al.

(Supreme Court, Appellate Term. January 25, 1904.)

1. SALES—BREACH OF CONTRACT—MEASURE OF DAMAGES.

Where a seller, on the buyer's refusal to accept a portion of the goods, sold them to other parties, he was entitled to recover, as damages, not the contract price, but merely the difference between such price and the price received by him in the sale.

Appeal from City Court of New York, Trial Term.

Action by Samuel Blick against Hyman Fabian and others. From an order of the city court setting aside a verdict for plaintiff and granting a new trial, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

Jacob Rieger (Elis Schreier, of counsel), for appellant.
Louis Levy, for respondents.

DAVIS, J. Plaintiff brought this action to recover $724.50 as the contract price for canned eggs alleged to have been sold by him to the defendants. The defendants denied the making of the contract, and alleged affirmatively that the goods were unfit for use, etc. The alleged contract was for the purchase of 10,140 pounds of canned eggs, to be delivered and paid for in installments, all deliveries to be made on or before January 1, 1903. Several deliveries were made and payments received. On January 1, 1903, the plaintiff tendered to defendants the balance of the goods. Upon defendants' refusing to accept them, they were allowed to remain in storage. The plaintiff afterwards sold these goods to various people other than defendants. At the end of plaintiff's case a motion was made to dismiss the complaint and denied. At the end of the whole case the motion was renewed, and again denied. The jury rendered a verdict for the plaintiff for the sum of $724.80. On motion of defendants an order was made setting aside the verdict and granting a new trial.

I think the order should be affirmed, with costs and disbursements. The damages were excessive, and the verdict contrary to law. The

¶ 1. See Sales, vol. 43, Cent. Dig. § 1107.

evidence shows that the plaintiff elected to sell the balance of the goods to be delivered under the alleged contract. He was therefore entitled to recover as damages not the contract price, which the jury evidently awarded, but the difference between the contract price and the price received by him in the sale. Gray v. Central R. R. Co. of N. J., 82 Hun, 523, 31 N. Y. Supp. 704; Hayden v. Demets, 53 N. Y. 426, 431.

The order should therefore be affirmed, with costs and disbursements. All concur.