AUGUSTA D. HENRY, Plaintiff, v. THE BROOKLYN HEIGHTS R. R. Co., Defendant.

(County Court, Kings County, May, 1904.)

Pleading — Verification of the pleading of a domestic corporation by an officer.

> An officer of a domestic corporation is, for the purpose of verifying a pleading interposed by it, to be deemed a party within Code Civ. Pro., § 525, subd. 1, and therefore need not state in his affidavit of verification the grounds of his belief as to all matters not stated upon his knowledge.

APPLICATION of the defendant for an order compelling the plaintiff to accept its pleading.

George D. Yeomans, for motion.

Alfred E. Sander, opposed.

CRANE, J. The application of the defendant for an order to compel the plaintiff to accept its pleading must be granted.

The plaintiff's attorney returned the answer of the defendant, a domestic corporation, because the verification by the officer thereof did not state the source of his information and belief. The defendant claims that is not required by section 526 of the Code of Civil Procedure, while the plaintiff's attorney insists that it is.

The case of American Insulator Company v. Bankers' Company, 13 Daly, 200, has decided that the defendant's claim is correct, and this decision has been followed till some doubt may have been thrown upon it by the case of Robinson v. Ecuador Development Company, 32 Misc. Rep. 106.

These provisions of the Code, like many other parts of it, are not as plain and simple as they might be, and construed strictly might result in the interpretation which plaintiff's learned counsel has placed upon them. His claim is

that section 525 provides for verification by a party, by an officer of a domestic corporation, and by an agent or attorney of a foreign corporation having knowledge of the facts, and that when section 526 states that a person other than a party verifying must state the source of his information, that this means the officer of a domestic corporation as well as attorneys or agents of foreign corporations, because an officer is not a party.

The first authority above cited has held that this last sentence in section 526 applies only to subdivision 3 of section 526.

When we remember that a corporation is, after all, merely a collection of persons doing business through its officers, and can do no act except by them, and cannot be served by process except through them, I think the true reading of subdivision 1 of section 525 is that the officer of a domestic corporation is to be considered a party for the purposes of verification.

Certainly the officers of a domestic corporation carrying on its business, for the purpose of verifying a pleading, know as much about its affairs as the individual or member of a partnership carrying on a business as big and as extensive as such corporation, and why should the officer give the source of his information when the corporation can only verify by its officers, any more than such individual party or member of a partnership.

That is the rule as laid down in the American Insulator case, and having been followed heretofore I see no good reason for changing it upon a technical reading of section 526.

Motion granted.