### ISAACS v. TERRY & TENCH CO.

(Supreme Court, Appellate Term.   March 14, 1907.)

SALES—REMEDIES OF SELLER—ACTION FOR DAMAGES.

The buyer, having refused to accept certain beams and channels which he had agreed to purchase, the seller, who had ordered the material from another, was not entitled to recover the difference between the contract price and the cost of the material to him, where no part of the material had been manufactured or paid for, and it did not appear that the seller had incurred any liability on his order.

Appeal from City Court of New York, Trial Term.

Action by Herman Isaacs against the Terry & Tench Company. From a judgment for plaintiff, defendant appeals.   Reversed, and a new trial granted.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

John C. Wait (George H. D. Foster, of counsel), for appellant. Herbert J. Hindes, for respondent.

DAVIS, J.   This action was brought to recover damages for defendant's failure to keep its agreement to accept and pay for certain beams and channels.   The plaintiff claims that the defendant agreed to purchase from the plaintiff 500 tons of these beams and channels at $1.85 per 100 pounds; that 200 tons were disposed of by plaintiff with the consent and permission of the defendant; and that the defendant then refused to accept and pay for the remaining 300 tons.   The defendant denies the contract as alleged, sets forth a different contract, and alleges its rescission by plaintiff, and in a third defense alleges a breach of the contract by the plaintiff.

The plaintiff at the outset proceeded upon the theory that the contract was contained in two letters which passed between the parties, dated, respectively, May 5, 1906, and May 7, 1906; the former written by the defendant to plaintiff and the latter an answer thereto.   Neither one of these letters indicates the amount of material to be furnished, a very important detail in this particular case.   This omission was supplied, however, by oral testimony given by Mr. Isaacs to the effect that

in a conversation with Mr. Tench 500 tons were fixed upon as the total amount to be supplied. The defendant attempted to show by oral evidence a different contract. In view of the written evidence of the contract, we think the learned court properly excluded the evidence offered by the defendant on this point. The court directed a verdict for the plaintiff for $1,260. This amount was ascertained by deducting the cost of the material to the plaintiff from the contract price. But it appears from Mr. Isaacs' testimony that he simply ordered these beams and channels in Germany at a stated price, and that they were not to be gotten out by the German mills until he had sent them specifications as to size, length, and weights, and that he had made arrangements with bankers to guaranty his bills for any goods ordered. Thus none of the material referred to had been manufactured at the time of the beginning of this action, and none had been paid for. It does not appear, even, that the plaintiff has incurred any liability whatever on his order to the German mills. We therefore think that the rule of damage adopted by the court was not the correct one. Indeed, considering the uncertain and vague testimony on this point, it does not appear that the plaintiff has suffered any damage. The counterclaim was properly dismissed.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.