(56 Misc. Rep. 586.)

ISAACS v. TERRY & TENCH CO.

(Supreme Court, Appellate Term.  November 29, 1907.)

1. SALES—BREACH OF EXECUTORY CONTRACT—REMEDIES OF BUYER.
    A seller, on the buyer's breach of an executory contract of sale, may store the property for the buyer and sue for the price, or may sell the property as agent for the buyer and recover any deficiency, or may keep the property as his own and recover the difference between the contract and the market price.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 943–946.]

2. ELECTION OF REMEDIES — INCONSISTENT REMEDIES — BREACH OF EXECUTORY CONTRACT OF SALE BY BUYER.
    The remedies of a seller on the buyer's breach of an executory contract of sale, consisting of storing the property for the buyer and suing for the price, or selling it as agent and recovering the deficiency, or keeping the property and recovering the difference between the contract and market price, are not concurrent; and a seller who has elected to pursue one remedy cannot thereafter adopt a different one, and an attempt to recover the difference between the contract and market price bars an action for the difference between the contract price and the price realized on a sale as agent of the buyer.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Election of Remedies, §§ 3, 4.]

3. SALES—BREACH OF EXECUTORY CONTRACT—COMPLAINT.
    Where a complaint in an action by a seller for the buyer's breach of an executory contract of sale states a good cause of action, and will support a recovery for the price, or for any deficiency on a sale as agent for the buyer, or for the difference between the contract and the market price, proof that the seller sold the goods as agent of the buyer and that the sale resulted in a deficiency is competent, and authorizes a recovery for the deficiency.

4. PLEADING—MOTIONS TO MAKE MORE DEFINITE AND CERTAIN—BILL OF PAR-
TICULARS.

 Where a complaint in an action by a seller for the buyer's breach of
an executory contract of sale authorizes a recovery either of the price,
or the deficiency on a sale as agent of the buyer, or the difference between
the contract and market price, the buyer may compel the seller to elect
his measure of damage by moving to have the complaint made definite and
certain or by compelling the filing of a bill of particulars.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1173–
1193.]

5. APPEAL—RECORD—QUESTIONS REVIEWABLE.

 Where the record of a former action by a seller for a breach by the
buyer of an executory contract of sale is not before the court, the ques-
tion whether the evidence at the former trial constituted an election by
the seller to recover the difference between the contract and market price
cannot be considered.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error,
§§ 2911–2915.]

Appeal from City Court of New York, Trial Term.

Action by Herman Isaacs against the Terry & Tench Company.
From a judgment for plaintiff, defendant appeals. Affirmed.

See 103 N. Y. Supp. 103.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and
ERLANGER, JJ.

John C. Wait, for appellant.
Herbert J. Hindes, for respondent.

LEVENTRITT, J. Reduced to its lowest terms, the complaint al-
leges that the defendant agreed to purchase and the plaintiff to sell
a certain quantity of iron beams at a specified price; that the plain-
tiff performed all the conditions on his part, and was ready to deliver
the beams; but that the defendant refused to accept them, "to the
damage of the plaintiff in the sum of $1,449." The plaintiff had a
recovery of $900, being the difference between the contract price and
the sum for which he sold the goods.

The only serious ground of reversal urged is that the plaintiff has
heretofore elected to keep the property as his own, and that he could
not, therefore, treat the beams as belonging to the defendant, sell them
as its agent, and recover the difference between the contract price and
the price realized. It is too well settled to require discussion that a
vendor, upon the breach of an executory contract of sale, has three
remedies: (1) He may store the property for the buyer and sue for
the purchase price. (2) He may sell the property as agent for the
vendee and recover any deficiency resulting. (3) He may keep the
property as his own and recover the difference between the contract
price and the market price at the time and place of delivery. Van
Brocklen v. Smeallie, 140 N. Y. 70, 79, 35 N. E. 415; Hayden v.
Demets, 53 N. Y. 426; Mason v. Decker, 72 N. Y. 595, 28 Am. Rep.
190. It is also established that these several remedies are not con-
current, and that, having elected to pursue one remedy, the vendor
may not thereafter adopt a different one. Bridgford v. Crocker, 60
N. Y. 627; Gray v. Cent. R. R. of N. J., 82 Hun, 523, 31 N. Y. Supp.
704.

It is claimed in .the case at bar that on a previous trial, resulting in a judgment in favor of the plaintiff, which was reversed on appeal, the plaintiff recovered on proof showing the difference between the contract and the market price. If that were clearly established, there would be merit in the defendant's appeal. Any affirmative binding act showing that the plaintiff elected to treat the goods as his own, as he necessarily does when he seeks to recover the difference between contract and market price, is inconsistent with an assertion of title in the defendant which is involved in suing for the difference between the contract price and that realized on a sale as agent for the defendant.

The difficulty with defendant's position, however, is that there is no evidence in the record showing the election. The complaint as drawn states a good cause of action for breach of contract, and would support a recovery on any of the three theories. Abb. Br. on Pl. §, 826, and cases cited; Duryea v. Rayner, 11 Misc. Rep. 294, 32 N. Y. Supp. 247. The defendant could have compelled the plaintiff to elect his measure of damage by moving to have the complaint made definite and certain or seeking a bill of particulars. On the complaint the proof of damage was competent. The record on the prior trial is not now before us, and hence we cannot pass on the question whether the evidence there adduced constituted an election.

The judgment must be affirmed, with costs. All concur.