## ISAACS v. TERRY & TENCH CO.

(Supreme Court, Appellate Term.   December 9, 1908.)

1. SALES (§ 382*)—BREACH BY BUYER—ACTION FOR DAMAGES—EVIDENCE.

In an action for breach of a contract to accept steel beams, evidence of a sale elsewhere was immaterial on the issue as to the extent of the seller's damage.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1096; Dec. Dig. § 382.*]

2. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—INSTRUCTIONS.

Error in instructing as to plaintiff's measure of damages was harmless, where the jury followed the correct rule and the evidence warranted the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225, 4228; Dec. Dig. § 1068.*]

Appeal from City Court of New York, Trial Term.

Action by Herman Isaacs against the Terry & Tench Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN, and SEABURY, JJ.

John C. Wait, for appellant.
Herbert J. Hindes, for respondent.

GILDERSLEEVE, P. J.  This is the third appeal to the Appellate Term in this case. The first judgment was for the plaintiff for $1,260, by direction of the court. We thought the court had not adopted the correct rule of damages, and, furthermore, that the proof failed to show that the plaintiff had suffered any damage, and ordered a new trial. 103 N. Y. Supp. 103. The second trial resulted in a verdict for plaintiff for $900. We affirmed (56 Misc. Rep. 586, 107 N. Y. Supp. 136), and allowed an appeal to the Appellate Division, where our judgment was reversed (125 App. Div. 532, 109 N. Y. Supp. 792). Upon the third trial, now under review, plaintiff had judgment for $1,260.

The action is for damages arising from an alleged breach of contract by defendant in refusing to accept a quantity of steel beams pur-

chased from the plaintiff. Our opinion for affirmance, upon the second appeal (56 Misc. Rep. 586, 107 N. Y. Supp. 136), held that the recovery was for the difference between the contract price and the sum for which the plaintiff sold the goods, and that as the record stood this rule of damages was correct. The Appellate Division held as follows:

"The rule of damages applicable to the facts in this case entitled the plaintiff to recover the difference between the price defendant agreed to pay and the reasonable cost of manufacture to fill the order, and such damages are neither to be augmented by losses nor diminished by profits on disposing of the steel elsewhere."

The present judgment is attacked for the reason that the trial judge evidently misconceived the rule of damages under which the plaintiff proceeded upon the trial. In his charge the judge said:

"From the evidence I charge you that he is bound to recover, if at all, at your hands, for the difference between the price for which he sold, as he testified he did, the material, and the contract price."

The record shows no proof of damages sustained by the plaintiff by reason of any sale. The Appellate Division said on this point:

"The plaintiff was under no obligation to the defendant, after a breach of the latter, to dispose of the iron which he had, previous to the contracting with defendant, agreed to purchase in Germany, with a view to reducing the damages. * * * The damages are neither to be augmented by losses nor diminished by profits on disposing of the steel elsewhere."

Some testimony was brought out in reference to a sale in San Francisco; but it was clearly immaterial, and no part of the evidence by which plaintiff established his prima facie case. The jury applied and followed the correct rule of damages, and the verdict was for the exact amount of damages established by the evidence. The error of the judge was harmless. The charge did not mislead the jury. The verdict is correct. The judgment is right, and should stand. Smith v. Matthews, 152 N. Y. 157, 46 N. E. 164.

Judgment affirmed, with costs to the respondent.

MacLEAN, J., concurs.

SEABURY, J. (concurring). In my opinion a verdict should have been directed for the plaintiff. The jury returned a verdict for the amount which they should have been directed to return. In view of the fact that the trial justice should have directed a verdict for the plaintiff for the amount which the jury found, the judgment ought not to be reversed because the trial justice declared an incorrect rule of damages.

I concur in the view that the judgment appealed from should be affirmed.