DALY v. LOWENSTEIN.

(Supreme Court, Appellate Term.   May 4, 1911.)

1. SALES (§ 353*)—BREACH—ACTION FOR PRICE—PLEADING—SUFFICIENCY.
    A complaint, alleging a written agreement for the purchase by defend-
ant of certain merchandise, performance by plaintiff of all conditions on
his part, due tender, and refusal to accept, to plaintiff's damage, did
not state a cause of action for breach of contract merely, but warranted
a recovery for the price; that it failed to allege which of the remedies
open to plaintiff the pleader intended to pursue causing defendant no
embarrassment, since he could have demanded a bill of particulars, or
that the complaint be made more definite and certain.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 995–1004; Dec.
Dig. § 353.*]

2. SALES (§ 340*)—BREACH—REMEDIES OF SELLER.
    On breach by a purchaser of a contract to buy merchandise, the seller
may store it for him and sue for the purchase price.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 927–942; Dec.
Dig. § 340.*]

Appeal from City Court of New York, Trial Term.

Action by John J. Daly against Benjamin Lowenstein.  From a
judgment for plaintiff, and from an order denying a motion for a new
trial, defendant appeals.  Affirmed.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

M. S. & I. S. Isaacs, for appellant.

Eugene N. L. Young, for respondent.

SEABURY, J.   The complaint alleges that the plaintiff and defend-
ant entered into a written agreement, whereby the plaintiff agreed to
sell and the defendant to buy certain merchandise; that the plaintiff
duly performed all the conditions of said agreement on his part to
be performed, and was ready and willing to deliver the said merchan-
dise on June 12, 1907, and on the said day duly tendered the same to
the defendant, and sets forth the amount, quantity, and price of the
merchandise so tendered.   The complaint also alleges that the defend-
ant refused to accept said merchandise, or to pay for the same, or
any part thereof, pursuant to his agreement, to the damage of the
plaintiff in the sum of $1,925.35, and demands judgment for that
amount.   The answer, by failing to deny, admits the agreement as
set forth in the complaint, and puts in issue all the other allegations.
The jury returned a verdict for the plaintiff for the amount claimed.
The evidence is ample to sustain the verdict.   The evidence establishes
that on June 12, 1907, the plaintiff was ready, willing, and able to de-
liver the merchandise, and that he tendered it to the defendant, that
the defendant refused to accept it, and that at the time of the trial the
plaintiff still had possession of the merchandise "subject to his [de-
fendant's] order."   The reasons which the defendant assigned for not
accepting the merchandise are neither plausible nor consistent.

[1] The principal contention of the appellant is that the complaint
states a cause of action for damages for breach of contract merely,

and that no recovery can be had for the purchase price of the merchandise. This question has already been settled adversely to the appellant's contention.

[2] Upon the defendant's breach of the contract, one of the three remedies available to the plaintiff was to store the property for the buyer and sue for the purchase price. Van Brocklen v. Smeallie, 140 N. Y. 70, 35 N. E. 415. This is the remedy which the plaintiff pursued in this case. The form of the complaint was adequate for this purpose. Duryea, Watts & Co. v. Rayner, 11 Misc. Rep. 294, 32 N. Y. Supp. 247, and 20 Misc. Rep. 546, 46 N. Y. Supp. 437; Isaacs v. Terry & Tench Co., 56 Misc. Rep. 588, 107 N. Y. Supp. 136. The failure of the complaint to allege which of the three remedies, which were open to the plaintiff, the pleader intended to pursue, caused the defendant no embarrassment. He could have required the plaintiff to furnish a bill of particulars, or to make his complaint more definite and certain, and thus have compelled a disclosure of the precise remedy which the plaintiff intended to adopt.

Upon a former trial of this action, the plaintiff, upon being confronted with the defendant's objection to his complaint, withdrew a juror upon terms, and was granted leave to apply at Special Term to amend his complaint. Subsequently the plaintiff changed his attorney, and the motion to amend the complaint was not made. The appellant insisted upon the last trial, and still insists, that the action of the court upon the former trial is stare decisis. From what has been said, it is evident that the ruling upon the first trial was erroneous, and certainly is without authority in this court. Moore v. City of Albany, 98 N. Y. 397, 411.

We have examined all the exceptions which appear in the record, and are satisfied that no error prejudicial to the defendant was committed. The judgment appealed from is right, upon the facts and the law, and should be sustained.

Judgment affirmed, with costs.

GERARD, J., concurs. LEHMAN, J., concurs in the result.