FRENCH FUR DYEING & BLENDING CO. v. GERSCH.

(Supreme Court, Appellate Term. June 29, 1911.)

1. JUDGMENT (§ 143*)—DEFAULT—OPENING.

On a case being called for trial, the clerk of defendant's counsel asked for a short delay to enable counsel to arrive; but this was denied, and an inquest ordered. Defendant's attorney resided in New Jersey, and by reason of an automobile accident on the way to the train that morning missed it, and failed to appear until about 9:40 a. m. *Held*, that the delay was excusable, and the default should be opened.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 286–288; Dec. Dig. § 143.*]

2. JUDGMENT (§ 622*)—RES JUDICATA—COUNTERCLAIM.

Where plaintiff sued for work and labor in dyeing certain furs, and defendant interposed a counterclaim for damages, in that the furs were made valueless by the manner in which the work was done, in a subsequent action on the counterclaim the judgment in the first action is res judicata.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1136; Dec. Dig. § 622.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the French Fur Dyeing & Blending Company against Louis Gersch. From a Municipal Court order denying defendant's motion to open his default and vacate the judgment, he appeals. Reversed, and motion granted.

Argued before SEABURY, GUY, and BIJUR, JJ.

Henry Kuntz, for appellant.
Milton Frank, for respondent.

GUY, J. The plaintiff sued the defendant for work, labor, and services amounting to $7.50 in dyeing a mink set belonging to the defendant. The defendant interposed a counterclaim for damages, in that the set was made valueless by the manner in which the work was done, and demanded judgment for their value of $170.

[1, 2] Upon the day set for trial the defendant's attorney, who resides in New Jersey, by reason of an automobile accident on the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

way to the train, missed it and failed to appear in court until about 9:40 a. m. He was represented by his clerk, who asked at 9:30 a. m. for a short delay in the trial to enable his principal to arrive; but this was denied, and an inquest ordered and taken. These facts appear in the papers used upon the motion to open the defendant's default. The defendant, under the cause of action, has no independent cause of action upon his counterclaim, as in such an action the judg-ment in the case at bar would be res adjudicata. Goldberg v. Schles-singer, 86 N. Y. Supp. 207.

The defendant and his witnesses were present in court, and the delay of the attorney was excusable. Under such circumstances, the default should have been opened, upon such terms as the court might have seen fit to impose within the statute.

Order reversed, default opened, upon payment of $10 costs, and a new trial ordered, with $10 costs of this appeal to the appellant. Costs to be offset. All concur.