WILLIAMSON LAW BOOK COMPANY, Plaintiff, *v.* MIDLAND NATIONAL HOLDING CORPORATION, Defendant.

Supreme Court, Monroe County, March 17, 1930.

*Charles R. Kreidler*, for the plaintiff.

*Salvatore M. Lo Monaco*, for the defendant.

RODENBECK, J. The defendant is a foreign corporation. The verification of the answer was made in this State by the secretary and treasurer of the corporation and the answer was returned as insufficient. Judgment was entered as in default and this motion is to open the default.

The verification is sufficient. It was made in this State by an officer of the corporation. It might have been made by an agent or attorney having personal knowledge of the material facts. (Rules Civ. Prac. rule 99.) That rule provides that the verification of a foreign corporation " may " be made in that way. It does not exclude a verification by an officer in the State. Where a corporation, whether domestic or foreign, is a defendant, it is a " party " for the purposes of this rule. The rule does not require the verification of a foreign corporation to be made only by an agent or attorney. It merely authorizes such a verification where the " party " is a foreign corporation, but does not exclude a verification in the State by an officer, the same as if the defendant was a domestic corporation. An officer of a foreign corporation is an " agent " of the corporation (*Robinson* v. *Ecuador Development Co.*, 32 Misc. 106), but he is more than that.

The answer is made by a " party," so that the grounds of belief need not be stated. There are no matters stated in the answer upon information and belief. It is only as to these matters that the pleader is required to state the " grounds of his belief." (Rules Civ. Prac. rule 100.) The reasons need not be given as in a case where it is made by an agent or attorney. (Id.; *Henry* v. *Brooklyn Heights R. R. Co.*, 43 Misc. 589.) An affidavit of merits is unnecessary. (*American Audit Co.* v. *Industrial Fedn.*, 84 App. Div. 304, 306.)

The following is a proposed revision of rule 99 relating to the verification of pleadings: " The verification of a pleading must be made by the party, or, if there are two or more parties united in interest and pleading together, by at least one of them who is acquainted with the facts; if the party is a corporation, by an officer of the corporation; if the party is the people of the state, by the attorney-general of the state or one of his deputies; if the party is a public officer, by such officer.

" In the following cases the verification may be made by an agent or attorney of the party within the State who is acquainted with the material facts stated in the pleading: where the party is a foreign corporation; where the party is not within the county where the attorney has his office; where there are two or more parties united in interest and pleading together and none of them is within such

county; where the pleading is founded upon a written instrument for the payment of money only which is in the possession of the agent or attorney."

The verification is good (*American Audit Co.* v. *Industrial Fedn.*, *supra*), and the default should be opened and the judgment set aside, the answer being allowed to stand as the answer in the case, with ten dollars costs to abide the event.