NEW-YORK,
October, 1818.

BAKER
v.
ASHLEY.

### BAKER *against* ASHLEY.

Where a cause is noticed for trial, and as an inquest, a *copy* of the affidavit of defence filed with the clerk of the sittings, must be served on the plaintiff's attorney; otherwise, the defendant must pay costs, in case the inquest taken by default, is, afterwards, set aside.

*E. WILLIAMS,* for the defendant, moved to set aside an inquest taken, by default, in this cause, at the last *sittings* in *New-York,* and all subsequent proceedings, on the ground of irregularity.

The inquest was taken out of its order on the calendar of causes ; and the notice of trial was, that it would be taken as an inquest.

It appeared that an affidavit of a good defence, on the merits, had been regularly filed with the Clerk of the Sittings, but that *a copy of it had not been served on the plaintiff's attorney.*

*E. H. Ely,* for the plaintiff.

*Per Curiam.* The general rule of *November* term, 1808, requires, that a *copy* of the affidavit of defence should, also, be served on the plaintiff's attorney, in order to excuse the defendant from paying costs, in case the inquest is set aside ; and it was so decided in *Cannon* v. *Titus.* (5 *Johns. Rep.* 355.) The motion is granted, but it must be on the payment of costs.

Motion granted.