Calkins agt. Williams and Brand.

5 How. 393–*Contra*, 6 How. 172; 9 Id. 465.

## SUPREME COURT.

### CALKINS agt. WILLIAMS AND BRAND.

Public officers, sued as such, where they succeed in the action, are entitled to *double costs* under 2 R. S. 617, § 25. The Code has not repealed that provision. (*There are adverse decisions on this point. See* 4 *and* 5 *How. Pr. R.*)

Such costs can not be allowed upon a report of referees; it is only in cases of verdict, demurrer, non suit, non pros or discontinuance (2 *R. S. supra*).

*Madison Special Term, February* 1850.

Z. T. BENTLY, *for Plaintiff*.

WM. J. HOUGH, *for Defendants*.

MASON, Justice.—The defendants are public officers and have defended the action successfully, and now ask for double costs under the statute (2 *R. S.* 617, § 25). There can be no doubt in this case but the defendants would be entitled to double costs in this action if this were a judgment upon a verdict, unless this statute is repealed by the Code of procedure, which I am inclined to think it is not. These double costs are given to the officer himself by the express provisions of the statute (2 *R. S.* 617, § 26; 6 *Wend. R.* 297); and the statute is explicit that the attorney and counsel shall not be entitled to but single costs (2 *R. S. supra*). It may be laid down as a general rule that it is deemed

50

against the policy of the law to favor repeals by implication (*Smith's Con. Statutes and Constitutional Law,* 879); and if by any fair interpretation the two statutes may stand together they shall so stand; and Smith says when it is not manifestly the intention of the legislature that the subsequent statute shall repeal the former, it is the duty of the courts to give them such constructions as will uphold them both, even though the words taken strictly might seem to repeal the former act (*Smith on the Construction of Statutes,* 879); applying this rule to the case under consideration, I do not think it would be safe to hold that the statute giving to a public officer double costs for defending, is to be deemed repealed by the Code of procedure.

I know that the 303d section of the Code abolishes all statutes establishing or regulating the costs or fees of attorneys, solicitors and counsellors in civil actions, and gives in the place thereof a certain allowance to the party by way of indemnity for his expenses in the action and which allowances are termed costs and go to the party and not the attorney or counsel in the suit; and the 307th section of the Code provides that when costs are allowed they shall be as regulated by that section; but I am not able to discover any thing in those sections which by implication even can be said to repeal the 25th section 2 R. S. 617, and I can not think the 468th section of the Code, which repeals the statutory provisions inconsistent with that act, is to be considered as having this effect. The statute was passed to afford some indemnity to public officers for their trouble and expense in the defence of suits improperly brought against them; and there is the same reason for the statute now that there was before the passage of the Code of procedure; and I can not think, after a careful examination of the provisions of the Code and the best reflection which I have been able to bestow upon the subject, that it was the intention of the legislature to repeal this statute. It has never been considered that the change of the general fee 'bill of costs operated as a repeal of this statute in favor of officers.

The statute of 1840, which changed entirely the general fee bill of attorney and counsel, was never considered to have such

effect. We can not, however, give these defendants double costs upon this report of the referee. The statute only allows it upon verdict, demurrer, non suit, non pros or discontinuance (2 *R. S.* 617, § 25); and it has been expressly adjudged that a report of referees is not within the terms of the statute, and that double costs can not be allowed upon a report (19 *W. R.* 225).

The defendants also ask for an additional allowance under the 308th and 309th sections of the Code; and I am satisfied, after a careful examination of the papers before me upon this motion, that this is a proper case to allow the defendants a per centage, upon the value of the property claimed by the plaintiff and which was the subject of litigation in this action.

The amount is stated in the referee's report at $840·17, upon which sum I order and direct that defendants recover five per cent to be added to the defendants' costs and inserted in the record by the clerk with the other costs of suit.