# SUPERIOR COURT.

## WILLIAMS agt. RIEL and GRANGER.

An affidavit, verifying a complaint, which merely states that the complaint *is true*, without stating that it is true *to the knowledge of the party making the affidavit*, is substantially defective. A defendant, in such a case, may serve an unverified answer. If the plaintiff refuses to receive the answer, and enters up judgment, the latter will be set aside for irregularity.

*At Chambers, September 27, 1855.*

THE defendant, *Riel,* moves to set aside a judgment, which has been entered against him, for irregularity. An unverified answer was served on plaintiff's attorney, within twenty days after service of the summons. He returned it, with a notice in

Williams agt. Riel and Granger.

writing that he refused to receive it, because it was not verified. After twenty days from the service of the summons, the plaintiff entered up judgment, as for want of an answer.

The defendant insists, that the verification of the complaint was so defective, that he had a right to treat the complaint as an unverified pleading, and to serve an unverified answer. That is the only question that arises on this motion.

The complaint is on a note made by *Granger*, payable to order of *Riel*, and by him endorsed to the plaintiff. The allegation, as to the making of the note, its contents, its delivery to the payee, the endorsement and delivery of it by him to the plaintiff, its presentment at maturity for payment, its non-payment, and notice to the endorser, are direct and absolute. Nothing is alleged on information and belief. The verification is in these words :—

" City and County of New-York, *ss:—Joseph H. Williams*, the plaintiff, being duly sworn, says—That he has read the foregoing complaint, and knows the contents thereof, and that the same is true.

" Sworn to before me, &c."

J. R. Flanagan, *for defendant Riel.*
Geo. Stevenson, *for plaintiff.*

Bosworth, Justice. The Code requires that the affidavit, verifying a pleading, shall " be to the effect, that the same is true *to the knowledge* of the person making it, except as to those matters stated on information and belief, and as to those matters he believes it to be true."

The affidavit in this case does not state that the person making it has any knowledge, whether the complaint is true or not.

The Code is not satisfied with an affidavit which states that a pleading is true, and states only that. It must also state that the person making it *knows* every averment in it to be true, except such as the pleading itself professes to state on information and belief.

The verification being substantially defective, the next question is, what course may a party, served with such a pleading, pursue in reference to it?

The complaint is perfect as a pleading without being verified. The verification is important, merely with reference to subsequent proceedings. If the complaint is verified, the answer must be, or it may be refused. If no answer is put in, a plaintiff in some cases may take judgment for the amount mentioned in the summons; whereas, if not verified, an assessment and proof of damages would be necessary before judgment could be entered.

It is obvious, therefore, that a defendant must answer a complaint, whether it is verified or not. If not verified, the answer need not be. If a plaintiff wishes to verify his complaint, there is no difficulty in doing it with substantial accuracy. If he chooses to leave it substantially defective, a defendant should be permitted to disregard the verification, and treat it as an unverified pleading.

The following decisions support this view :—*Lane* agt, *Morse,* 5 *How. Pr.* 394; *Waggoner* agt. *Brown,* 8*th id.* 212; *Fitz* agt. *Bigelow,* 5*th id.* 237; *Hubbard* agt. *Cutler,* 11*th id.* 149–152.

If this view be correct, the judgment was irregularly entered. An order will be entered setting it aside, with $5 costs, and declaring the service of the answer to be regular, on defendant's stipulating not to bring any action by reason of the levying of the execution issued on the judgment.