# SUPREME COURT.

OSCAR TIBBALLS and WILLIAM H. TIBBALLS agt. DELIA SELF-
RIDGE and JOHN SELFRIDGE.

The *verification* of a complaint should follow the language of the Code (§ 157)
in the essential form there given; and not take special pains to state some-
thing a little different as an equivalent.

Where the party says, " that he knows the contents of the foregoing complaint,
and that the same *is true,* except," &c., it is *insufficient.* He should state
that the same is true *to the knowledge* of the party, except, &c. (*This agrees
with Williams* agt. *Riel & Granger,* 11 *How. Pr. R.* 374.)

*Columbia Special Term, Jan.,* 1856.

MOTION to strike out answer of defendant, Delia Selfridge,
because not verified.

*Defendant* claims–

1. That verification of the complaint is not regular; and an-
swer need not be verified.

2. That a motion to *strike out* an answer could not be enter-
tained for such a cause; as the plaintiff's remedy (if his verifi-
cation were sufficient) was to *disregard* the answer, return it,
and enter judgment.

3. If the motion be otherwise proper, it is *too late ;* it should
have been made the *first* term that it could be, *December Special
Term.*

The *form* of the verification of the complaint is—

" A. B. being duly sworn says, that he is the attorney of
plaintiffs in this action; that he knows the contents of the fore-
going complaint, and that the same *is true,* except as to mat-
ters stated on information and belief, and as to those matters
he believes it to be true; that the grounds of deponent's knowl-
edge are the admissions of defendant, Delia, to him, as also
from other persons; and that the reason why plaintiffs do not
verify this complaint is, that they are absent from this county."

Tibballs & Tibballs agt. Selfridge & Selfridge.

Henry Hogeboom, *for motion.*
John Gaul, Jr., *opposed.*

Gould, Justice. In this case there is found full illustration of having a *settled rule* of action, even in matters of mere form. The 157th section of the Code says, a pleading must be verified, as " true to *the knowledge* of the person making it, except," &c. And decisions are produced as to verifications shunning (as if purposely) the *simple, direct* words of this section, in a variety of ways; from merely omitting the words, " to the knowledge," to evasive and half evasive paraphrases of them. I can see no good reason why the courts should not require a compliance with the section, so full as to need no explanation; or why, if a party *means* to say what the law requires, he should not *say it.* If the verification means that it is true, to *his own knowledge,* let it say *so;* and let the courts, in all cases, *insist on that form,* and not its equivalent.

In this case it is urged, that subsequently stating " the grounds of deponent's knowledge," shows what he *must* have meant, and supplies any deficiency in the prior language. *Certainty* will never be attained in this way; and in a matter that it is so perfectly easy to make *exactly right,* there is no hardship imposed on any one in compelling him to make it so. I must hold the verification of the complaint, on this ground, bad.

As to the second point, it *is,* undoubtedly, correct practice, where the complaint is verified, and the answer is not, for plaintiff to disregard the answer, and enter his judgment. But in so doing he takes the risk of the correctness of his verification. And where the practice is, to any considerable degree, unsettled, he may fairly call on the court, in the way of a motion, to decide the point for him. And the practice is so far under the control of the court, that the want of a verification (when required) may be treated as a *badge of falsity.* And I would not, for *this* reason, refuse the motion.

As to the *delay* in making this motion, I am not aware that any such unyielding strictness, as to moving at the *first possi-*

*ble term*, has been adopted in such cases. The delay is, in this case, not unreasonable ; and it is difficult for me to see how it *prejudices the defendant.*

On the whole, I consider the ground first stated above, as the only one on which I should deny the motion. And, on that ground, it is denied. But there has been such indefiniteness in the practice on this point, that a party (though ultimately decided to be wrong) may fairly be allowed to come into court to have it *settled.* And I allow no costs of opposing the motion.