## SUPREME COURT.

THE PEOPLE *ex rel.* GERRITT SMITH agt. KING ALLEN and four others.

The person making the *verification* of a pleading (when not the party) should specifically set forth therein his knowledge of each material fact stated in the pleading, or the grounds of his belief of the truth of the allegations of the same, and so far as he speaks of his own knowledge, he must state what knowledge he has; and when he speaks of his belief, he must state the sources of his information as well as the grounds of his belief.

The usual affidavit that the pleading is true, &c., in the language of the Code, although no allegation is stated in the pleading on information and belief, is not a compliance with the 157th section.

*Essex Special Term, Sept,* 1856.

MOTION by defendants Russell and Eastwood to set aside judgment entered against the defendants.

The complaint was verified by the attorney of the relator; the attorney of the defendants Russell and Eastwood, deeming the verification defective, put in an answer without a verification. The plaintiffs' attorney returned the answer, and entered judgment against all the defendants. The verification by the attor-

ney of the relator stated that the action was founded upon the official bond of the defendant King Allen, as sheriff, &c.; that a certified copy thereof was in the possession of his attorney, together with the order of the supreme court, made in the action, and the affidavits on which such order was granted; that the said relator was not within the county in which the deponent resides, but resided in the county of Madison, and was not capable of making the affidavit of verification of the complaint; that he, the deponent, had read the complaint, and knew the contents thereof, and that the same was true of his own knowledge, except as to the matters which are therein stated on his information and belief, and as to those matters he believed it to be true. The defendants' affidavits showed that they had a defence on the merits to the plaintiffs' action.

R. S. HALE, *for defendants Russell and Eastwood.*
A. C. HAND, *for plaintiffs.*

PAIGE, Justice. The provisions in relation to the verification of a pleading are to be found in § 157 of the Code. In the more recent decisions it has been held that a pleading may in all cases be verified by the attorney, where the party is not within the county where the attorney resides, or is incapable of making the affidavit; and that it may also be verified by the attorney, whether the party is within the county or not, when the action or defence is founded upon a written instrument for the payment of money only, and such instrument is in the possession of the attorney, or when all the material allegations of the pleading are within the personal knowledge of the attorney. This construction was given to this section of the Code by Justice PARKER in *Stannard* agt. *Mattice*, (7 *How.* 4;) by Justice BARCULO in *Roscoe* agt. *Mason*, (7 *How.* 121;) by Judge DUER in *Le Fevre* agt. *Latson*, (5 *Sand. R.* 650;) and by Justice HARRIS in *Treadwell* agt. *Fassett*, (10 *How.* 184.) Justice HAND gave a different construction to the 157th section in *Hunt* agt. *Meacham*, (6 *How.* 400.)

I am, on reflection, inclined to concur in the construction

given to this section by Justices PARKER, BARCULO and HARRIS, and by Judge DUER, although the language of the section would seem, on the first view, not to justify it. The construction in which I concur is called for by the apparent intention of the legislature ; and I think it is necessary to give effect to all parts of the section. But the 157th section requires, when a pleading is verified by any other person than the party, that the person making the verification shall set forth, in the affidavit, his knowledge, or the grounds of his belief on the subject. This provision of the section is not sufficiently complied with in the affidavit of the attorney of the relator. The attorney should have set forth in his affidavit, specifically, his knowledge of each of the facts stated in the complaint, or the grounds of his belief on the subject. The usual affidavit, that the pleading is true, &c., in the language of the Code, although no allegation is stated in the pleading on information and belief, is not, in my judgment, a compliance with the 157th section. The person making the verification (when not the party) should specifically set forth therein his knowledge of each material fact stated in the pleading verified, or the grounds of his belief of the truth of the allegation of the same, and so far as he speaks of his own knowledge, he must state what knowledge he has ; and when he speaks of his belief, he must state the sources of his information, as well as the grounds of his belief. (11 *How. Pr. R.* 149 ; 5 *id.* 237 ; 10 *id.* 184.) This was not done by the plaintiffs' attorney in this case. The affidavit of verification of the complaint being defective, the defendants Russell and Eastwood had a right to put in their answer without a verification. (8 *How.* 212.) The judgment entered against them must, therefore, be set aside, and the answer served by them must stand as the answer to the complaint.

As there is some reason for doubt in respect to the extent of the requirements of the 157th section of the Code, I will grant the motion to set aside the judgment without costs.

The affidavit of the defendant Eastwood, shows that the action should have been brought upon the second bond given by the sheriff, and not upon the one on which the action was actu-

NEW-YORK PRACTICE REPORTS.	337

ally brought. The defendants Russell and Eastwood are therefore, at all events, entitled to have the judgment set aside on the payment of costs.