---

Louis Sexauer *v.* Henry C. Bowen.—Gustavus Petzold *v.* The Same.—Jacob Klaiber *v.* The Same.

The verification of an answer to a duly verified complaint, which states that " the foregoing answer is true," omitting the words " to his knowledge," is insufficient under sec. 157 of the Code, and the plaintiff may return the answer and proceed as on failure to answer.

Appeals by the defendant from three orders denying motions to set aside judgments for irregularity except upon terms.

These actions were brought by the plaintiffs against the defendant to recover balances due them for work, labor and services. On the last day to answer, the defendant's attorney served answers of general denial and breach of contract, which were verified as follows:

(Venue.)

" Henry C. Bowen being duly sworn says, that he is the defendant in this action, and that the foregoing answer is true, except as to the matter therein stated on information and belief and as to those matters he believes it to be true."

(Jurat.) . (Signature.)

The answers were returned by plaintiffs' attorney on the same day, with an indorsement thereon to the effect that the verification was defective, and on the following day he entered judgments as upon failure to answer.

Defendant then moved at special term to set aside the judgments for irregularity. These motions were denied except upon terms, and the defendant appealed to the general term.

*C. C. Prentiss*, for appellant.

*Geo. F. Langbein*, for respondent.

By THE COURT.*—LOEW, J.   I think the verification of the answer in each of these cases, was insufficient.   The Code, section 157, requires the verification of a pleading when made by a party to the action, to be to the effect that the same is true to his knowledge, except as to those matters stated on information and belief, and that as to those matters he believes it to be true.

It is not necessary that the precise language used in that section should be employed, but it is requisite that the affidavit of verification should be not only to the effect, that the pleading is true, but also to the effect, that the same is true " *to the knowledge*" of the affiant.   ( *Williams* v. *Riel*, 11 How. Pr. 374 ;  *Tibballs* v. *Selfridge*, 12 How. Pr. 64.)

It is urged that if a pleading contained false statements, an indictment for perjury would lie against the party deposing as well where the affidavit was simply, that the same was " true," as where it contained an averment that the same was " true to his knowledge."

However that may be, it is sufficient to know that the Code requires the latter mode of verification, and that, if it had no other merit, it would at least preclude a party indicted for perjury from asserting or claiming that he was informed, and believed that the allegations and matters stated in the pleading were true, and that he, therefore, thought he would be justified in swearing that it was true.

As the complaints were duly verified, the answers should also have been properly verified, and as such was not the case, the plaintiffs' attorney had a perfect right to return them as he did, and enter up judgments as for want of answers. It appearing that the judgments were regularly entered, the judge at special term was right in denying the motions to set the same aside for irregularity, and the orders appealed from should be affirmed.

Orders affirmed.

* Present—Daly, Ch. J., Loew and Larremore, JJ.