## CHERRY *v.* FOLEY.

*(Common Pleas of New York City and County, General Term.* January 4, 1892.)

SUMMARY PROCEEDINGS AGAINST TENANT—ANSWER—SUFFICIENCY OF AFFIDAVIT.

In summary proceedings against a tenant, the answer, denying that any rent was due or that a demand therefor had ever been made, was verified by defendant in the following words: "J. F., sworn, says that he is the defendant herein, and that he knows the foregoing answer to be true." *Held* insufficient, there being nothing to indicate that affiant intended to swear that the answer was true, to his own knowledge.

Appeal from first district court.

Summary proceedings for recovery of possession of demised premises by James Cherry, landlord, against John Foley, tenant. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*James Murphy,* for appellant. *J. Callahan,* for respondent.

PER CURIAM. The answer denied that there was anything due upon the contract of hiring on a certain day, and also denied that a demand for the rent had been made. This was verified in the following language: "John Foley, sworn, says that he is the defendant herein, and that he knows the foregoing answer to be true." This the court below held to be an insufficient verification. It has been repeatedly held that where there is nothing to indicate the affiant intends to swear that the contents of a pleading is true, to his own knowledge, where all the allegations are apparently made upon knowledge, it is insufficient. *Williams* v. *Riel,* 11 How. Pr. 374, 5 Duer, 601; *Tibballs* v. *Selfridge,* 12 How. Pr. 64; *Van Horne* v. *Montgomery,* 5 How. Pr. 238; *Sexauer* v. *Bowen,* 3 Daly, 405. The case that comes nearest to holding a verification similar to the one under consideration good is *In re Application, etc., of Macaulay,* 94 N. Y. 574. In that case the affidavit declared that "she knows the contents [of the petition,] and that the same are true;" but in this case the affiant is very far from affirming that. He merely says that he knows the answer is true. We do not think he could be convicted of perjury upon such an affidavit, and that the justice was therefore justified in treating it as a nullity. The final order should be affirmed, but without costs.