AMERICAN AUDIT CO. v. INDUSTRIAL FEDERATION OF AMERICA.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. PLEADING—ANSWER BY FOREIGN CORPORATION—VERIFICATION BY ATTORNEY.
   Under Code Civ. Proc. § 524, providing that an allegation or denial in a verified pleading must in form be stated to be made by the party pleading, and that an allegation that a party has not sufficient knowledge or information to form a belief must be regarded as an allegation that the person verifying the pleading has not such knowledge or information, an answer by a foreign corporation that the above-named defendant, by B., its attorney, answering the complaint, denies any knowledge or information sufficient to form a belief as to each and every allegation of the complaint, etc., was sufficient.

2. SAME—VERIFICATION BY ATTORNEY—SOURCE OF BELIEF.
   Where an answer in an action against a foreign corporation was verified by its attorney, as authorized by Code Civ. Proc. § 525, it was not necessary that the attorney should state the grounds of his belief.

3. SAME—DEFAULT JUDGMENT—MOTION TO VACATE—AFFIDAVIT OF MERITS.
   Where plaintiff's attorney returned an answer, which was proper in form, properly verified, and served within the required time, under an erroneous impression that it was improperly verified, and subsequently entered judgment against defendant by default, defendant's right to have such judgment vacated on a motion to which such answer was attached was not discretionary, and hence no affidavit of merits was necessary.

Appeal from Special Term, New York County.

Action by the American Audit Company against the Industrial Federation of America. From an order denying a motion to vacate a judgment for failure to answer, defendant appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

L. M. Berkeley, for appellant.
Charles A. Decker, for respondent.

McLAUGHLIN, J. This action was commenced by the service of a summons and complaint, and before the time to answer had expired the following answer was duly served:

"Supreme Court, County of New York.

"The American Audit Company, Plaintiff, vs. The Industrial Federation of America, Defendant.

"The above-named defendant, by L. M. Berkeley, its attorney, answering the complaint herein, denies having any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs

of the complaint designated third, fourth, and fifth.  Wherefore the said defendant demands judgment that the complaint be dismissed, with costs.

"L. M. Berkeley, Attorney for Defendant.

"Office & Post-Office Address:

"200 Broadway, Borough of Manhattan, City of New York."

"State and County of New York—ss.:  L. M. Berkeley, being duly sworn, says that he is the attorney for the above-named defendant; that he has read the foregoing answer; that the same is true to the knowledge of the deponent, except as to those matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true; and that the reason why this verification is not made by the defendant is that the said defendant is a foreign corporation.            L. M. Berkeley.

"Sworn to before me this 20th day of March, 1903.

"Frank L. Holt, Notary Public, N. Y. Co."

The plaintiff's attorney, upon the theory that the answer was not properly verified, elected to treat it as a nullity, gave notice to that effect, and entered judgment as by default.  The defendant then moved to vacate the judgment, which motion was denied, and it has appealed.

The answer was good in form and substance.  It purported to be made by the defendant.  Section 524, Code Civ. Proc.  It denied any knowledge or information sufficient to form a belief as to the truth of certain allegations of the complaint.  Section 500.  The verification was also good.  It was verified by the attorney, and he had a right to verify it, the defendant being a foreign corporation.  Section 525, subd. 3.  It is claimed that the verification is defective, in that the attorney did not set forth the grounds of his belief, but the allegations of the answer are not on information and belief.  On the contrary, the defendant denies any knowledge or information sufficient to form a belief.  It is difficult to see, where one has no knowledge or information whatever on a subject, how he can state the grounds of his belief.  The answer is in proper form to raise an issue.  The verification is in proper form, and is verified by a proper person.  This being so, it necessarily follows that the plaintiff's attorney had no right to disregard it.

But it is suggested that the motion was properly denied—and this seems to have been the view of the learned justice sitting at Special Term—because it did not serve with the moving papers an affidavit of merits.  The answer was made a part of the moving papers, and, besides, there was no necessity for serving an affidavit of merits.  The motion to vacate was made upon the ground that the plaintiff had returned an answer proper in form, properly verified, and served within the time prescribed by statute, which had been disregarded by the plaintiff.  If defendant was right in its contention, then it was entitled to have the judgment vacated not as a favor, but as a matter of right.  The court had no discretion whatever in the matter.  It is only where the court can exercise its discretion either in refusing or granting the relief asked that an affidavit of merits is required.  The defendant was right in its contention, and the judgment should have been vacated.  It was unauthorized, and the plaintiff's attorney had no more right to enter it than he would have had prior to the service of the summons.

The order appealed from, therefore, must be reversed, with $10
costs and disbursements, and the motion granted, with $10 costs.
All concur.

## LONG ISLAND LOAN & TRUST CO. v. LONG ISLAND CITY & N. R. CO. et al.

(Supreme Court, Appellate Division, Second Department.   June 5, 1903.)

1. MORTGAGES—FORECLOSURE—ACTION BY TRUSTEE—REQUEST BY HOLDERS OF
   BONDS SECURED—NECESSITY.
       A mortgage securing bonds provided in section 5 that, in case of de-
   fault in the payment of any half year's interest on any of the bonds, the
   trustee might elect, on the request in writing of the owners of one-half
   of the bonds outstanding, to make the principal sum immediately due
   and payable.   Section 7 provided:  "In case of default as hereinbefore
   defined, the said trustee may adopt any legal or equitable method for
   foreclosing this mortgage and enforcing the trusts herein contained, or
   for collecting the principal and interest of the bonds secured hereby,"
   etc.   Held, that under section 7 the trustee could sue in foreclosure to
   compel a sale of the mortgaged premises, so far as might be necessary
   to pay interest represented by unpaid coupons, without any request in
   writing by the bondholders.

2. SAME—DETACHMENT OF COUPONS—EFFECT.
       The detachment of the interest coupons from the bonds did not de-
   prive those holding them of the security of the mortgage.

3. SAME—FORECLOSURE FOR INTEREST ALONE.
       The mortgage could be foreclosed for the interest alone.

4. SAME—DEMAND FOR PAYMENT—NECESSITY.
       The abandonment by the mortgagor of its office, where, under the
   terms of the mortgage, the interest was payable, released the holders
   of the coupons from obligation to make demand for payment, even if
   such demand was necessary.

Appeal from Judgment on Report of Referee.