### BEGLIN v. PEOPLE'S TRUST CO.

(Kings County Court. November 16, 1905.)

1. PLEADING—UNVERIFIED COMPLAINT—SUFFICIENCY OF UNVERIFIED ANSWER.
　　Where the complaint is unverified, an unverified answer is sufficient; Code Civ. Proc. § 523, providing that, where a pleading is verified, each subsequent pleading must be verified.

　　[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 861.]

2. SAME—UNVERIFIED ANSWER—RIGHT OF PLAINTIFF TO TREAT AS A NULLITY.
　　Code Civ. Proc. § 528, permitting a party to treat as a nullity an insufficiently verified pleading, applies only where a pleading is defectively verified, and does not permit a plaintiff whose complaint is unverified to treat as a nullity an unverified answer.

3. JUDGMENT—DEFAULT—INQUEST—AUTHORITY TO TAKE—AFFIDAVIT OF MER*TS.

Laws 1876, p. 451, c. 431 (Code Civ. Proc. § 980), providing that no inquest shall be taken for want of an affidavit of merits in cases where the pleadings are verified, modifies the practice of permitting an inquest, whether the answer is verified or not, unless an affidavit of merits is filed, and inquests can only be taken where the answer is unverified and no affidavit of merits is filed.

4. PLEADING—AFFIDAVIT OF MERITS—TIME OF SERVICE.

The affidavit of merits required to prevent the taking of an inquest when the answer is unverified need not accompany the answer, but may be served and filed at any time before actual inquest is taken.

5. SAME.

The attorney for defendant, whose answer to the unverified complaint was unverified, appeared on plaintiff's application for inquest, and offered, if the court, the law, or the rules required, to serve and file an affidavit of merits. *Held*, that defendant was entitled to serve and file his affidavit of merits.

Action by Mary Beglin against the People's Trust Company. On motion for inquest. Conditionally denied.

Herbert Warbasse, for the motion.
T. Ellett Hodgskin, opposed.

CRANE, J. Application is made in this case for inquest on the ground that the defendant, having served an unverified answer, has failed to serve and file an affidavit of merits.

The complaint is unverified. Section 523 of the Code of Civil Procedure provides that, where a pleading is verified, each subsequent pleading must also be verified, which implies that, where a pleading is unverified, each subsequent pleading may be unverified. In this case, therefore, as the complaint is without verification, the unverified answer is sufficient as a pleading, and could not be returned or treated as a nullity. Phonoharp Co. v. Stobbe, 20 Misc. Rep. 698, 46 N. Y. Supp. 678; Moran v. Helf, 52 App. Div. 482, 65 N. Y. Supp. 113; American Audit Co. v. Industrial Federation, 84 App. Div. 304, 82 N. Y. Supp. 642.

The unverified answer being good and sufficient as a pleading, no notice could be given, and none was called for under section 528 of the Code. That section applies simply to cases where the pleading is defectively verified, and permits the party after notice to treat it as a nullity, which means that, if the defect is not cured, application may be made for judgment as by default. But, while an unverified answer is sufficient for an unverified complaint, yet, unless an affidavit of merits is served and filed, an inquest may be taken. Prior to 1876 an inquest might have been taken, whether the answer was verified or unverified, unless an affidavit of merits was served and filed. The Rule, 3 Johns. 542; Baker v. Ashley, 15 Johns. 536. By chapter 431, p. 451, of the Laws of 1876 (continued in Code Civ. Proc. § 980), this rule was modified by the provision:

"No inquest shall be taken in any case for want of an affidavit of merits in cases where the pleadings are verified."

That inquests may be taken in cases where the answer is unverified and no affidavit of merits is served and filed appears to be the

present rule, although seldom, if ever, put in practice. General Court Rules, No. 28, Rumsey's Practice, vol. 2 (2d Ed.) p. 260; Nichols, New York Practice, vol. 1, p. 560; Nichols, New York Practice, vol. 2, pp. 2169–2173. The affidavit of merits thus required need not necessarily accompany the answer, but it can be served and filed at any time before actual inquest is taken. In fact, it may be filed and handed to the attorney in court on the day of the application for inquest. Smith v. Aylesworth, 24 How. Prac. 33; Brainard v. Hanford, 6 Hill, 368. No doubt it is because of this fact that the affidavit of merits may be thus served and filed at the last minute that it is no longer the practice, if it ever were, to apply for inquests because no affidavit has been served. The utmost that can be accomplished by such applications, except, perhaps, in extraordinary cases, is the recovery of costs on the granting of the defendant's application to open the inquest or to open his default in failing to file the affidavits of merits. The procedure and practice of to-day has brushed aside many of those rules which aided very little in arriving at a final disposition of a case.

The attorney for the defendant appeared upon this application for inquest, opposed the same, submitted affidavits, and stated that the defendant desired to defend the action upon the merits and had a good defense, but he did not understand that the present practice required the filing of any affidavit of merits, and he was uncertain, after examining authorities, as to what was the correct procedure. He also stated that, if the court, the law, or the rules required an affidavit of merits, he was ready and prepared to serve and file the same. For the reason that the defendant could have served and filed his affidavit of merits upon the return day of this motion, and also from the lack of recent authorities on the practice and the uncertainty of some that have been made, I deem it in the interests of simplified and reasonable practice to permit the defendant to file and serve his affidavit of merits forthwith.

Upon the defendant's immediately filing and serving the affidavit of merits as required by the rule, the application for inquest will be denied, without costs to either party.