Settle order on notice.

---

(55 Misc. Rep. 533)

### ROSENTHAL v. COHN (two cases).

#### (City Court of New York, Special Term. April, 1907.)

**1.** PLEADING—VERIFICATION—DEFECTS—RETURN—NOTICE.

Under Code Civ. Proc. § 528, providing that, where the copy of a pleading is served without a sufficient verification, the adverse party may treat it as a nullity, provided that he gives notice, with due diligence, to the attorney of the party serving it, the notice must point out the precise defects, and it is not enough to state that it is not verified in accordance with the general rules of practice.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1023.]

**2.** JUDGMENT—DEFAULT—INSUFFICIENT VERIFICATION.

Where a pleading is returned because the verification is insufficient, with notice under Code Civ. Proc. § 528, of intention to treat it as a nullity, the party who served it is entitled to reasonable opportunity to cure the defect, which he is not allowed where the other party enters judgment within three hours after returning it.

**3.** SAME—SETTING ASIDE—TERMS.

Terms will not be imposed on vacating the judgment, where an answer is returned under Code Civ. Proc. § 528, because not sufficiently verified, without the precise defect being pointed out, and, instead of defendant being allowed a reasonable time to cure the defect, judgment is entered within three hours after the return.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 326.]

Action by Charles S. Rosenthal against Cassel Cohn. Defendant moves to vacate the judgments. Motion granted.

Max D. Steurer, for defendant.

WADHAMS, J. Motion is made by the defendant for an order vacating the judgments and to compel plaintiff to receive answers. The answers were served within the time allowed by statute and purported to be verified. Within 24 hours after receipt the plaintiff returned the answers indorsed with the following notice:

"Sir:—Please to take notice that the within answer is hereby returned to you upon the ground that the same is not verified in accordance with the general rules of practice, and the same is therefore treated as a nullity in accordance with section 528 of the Code of Civil Procedure."

This notice was received by the defendant at 9 o'clock in the morning, and at 12 o'clock of the same day judgment had been entered, execution issued, and the sheriff had levied and placed a keeper in charge. The defects in the verification complained of are that no venue is stated, and that the jurat is subscribed "Wm. G. H. Mason, notary No. 155." It is not necessary to pass upon the sufficiency of the verification. The plaintiff is himself at fault in his practice, and may not take advantage of the defendant's omissions. Section 528 of the Code of Civil Procedure provides:

"Where the copy of a pleading is served without a copy of a sufficient verification, in a case where the adverse party is entitled to a verified pleading, he may treat it as a nullity provided he gives notice, with due diligence, to the attorney of· the adverse party that he elects so to do."

Under this section the party aggrieved may proceed, but he must in his notice returning the pleading point out the precise defect in the verification. It is not sufficient to say simply that the pleading is not properly verified. Snape v. Gilbert, 13 Hun, 494; 1 Rumsey's Practice, 345. In the case cited the notice which accompanied the papers which were returned read:

"Please to take notice that the plaintiff refuses to receive and hereby returns the within answer on the ground and for the reason that the same is not properly verified, and will treat the same as a nullity."

The court said:

"This notice was too general. When a paper is returned on the ground of irregularity, the objection must be stated explicitly, and the particular defect or omission should be pointed out, so that the other party may understand wherein his papers are defective. The rule was intended to accomplish this result." ·

This case, which was decided in the First Department in 1878, does not appear to have been questioned, and, although it is a decision construing the Code, it is equally applicable to the Code of Civil Procedure. Moreover, where a pleading is returned because of a defect in its verification and notice is served of an intention to treat the pleading as a nullity because of such defect, the party who served the pleading is entitled to a reasonable opportunity after the service of such notice in which to correct the error or supply the omission. It is for that very reason that the particular defect must be specified. Fusco v. Adams (City Ct.) 11 N. Y. Supp. 735. The plaintiff in the cases before me neither specified the particular defect nor gave the defendants a reasonable opportunity to correct their errors. Judgment was entered without notice to the defendants and within three hours after service of the notice execution had been levied.

Under the circumstances the judgments must be vacated without the imposition of terms, and the plaintiff directed to accept service of the defendants' answers within two days after.service of a copy of the orders to be entered upon these motions.