THE TREEN MOTORS CORPORATION, INC., Plaintiff, *v.*
MARIE VAN PELT, Defendant.

(Supreme Court, Kings Special Term for Motions, February, 1919.)

Pleading — sufficiency of verification by foreign corporation — when
return of answer on ground of defective verification justified — a
notice returning defective pleading must be specific — Code Civ.
Pro. § 525(3).

Where an answer is returned on the ground that it is a
nullity the defendant may either move to compel its acceptance
or wait until judgment has been entered or applied for, and
then make the appropriate motion.

Where the complaint of a foreign corporation contains no
allegations upon information and belief, a verification made by
its president in the form usually employed by a party, is proper
and calls for a verified answer.

Within a reasonable time after the return of the answer to
such a complaint, on the ground that it was not properly veri-
fied by defendant's attorney under section 525(3) of the Code of
Civil Procedure, another answer was served in time, the verifica-
tion of which was good under said section of the Code of Civil
Procedure but for the fact that statements therein disclosed that
the attorney making it did not have personal knowledge of the
matters alleged, and all the denials in the answer were upon
information and belief. *Held,* that the return of said answer on
the ground of defective verification was justified.

A notice returning an answer because improperly verified,
should specify the particulars wherein the verification was defec-
tive, and the mere statement that the verification " is defective
and the same is not verified in compliance with the provisions
of the Code of Civil Procedure " is insufficient, leaving the
situation the same as though the answer had not been returned.

Pleaders who insist upon strict compliance with the rules of
practice must follow the same themselves.

MOTION for judgment.

Wellesley W. Gage, for motion.

S. F. Peavey, Jr., opposed.

CROPSEY, J. Plaintiff moves for judgment. This is predicated on the claim that the defendant is in default in pleading. The defendant served an answer which was returned. Later the defendant served another answer, which was likewise returned.

The question at the threshold of this motion is whether the defendant after her answer was returned should have moved to compel the plaintiff to accept it or whether she could wait until the plaintiff took judgment or applied for it and then raise her contention that the answer was proper in form and was served in time. It seems when an answer is returned on the ground that it is a nullity the defendant may either move to compel its acceptance or wait until judgment has been entered or applied for and then make the appropriate motion. *Pattison* v. *O'Connor,* 23 Hun, 307, 308; *Fredericks* v. *Taylor,* 52 N. Y. 596. The practice of waiting until after judgment has been entered has been followed in many cases. *Treadwell* v. *Fassett,* 10 How. Pr. 184; *Sexauer* v. *Bowen,* 3 Daly, 405; *People ex rel. Smith* v. *Allen,* 14 How. Pr. 334; *Williams* v. *Riel,* 5 Duer, 601, and case in note at p. 603; *American Audit Co.* v. *Industrial Federation,* 84 App. Div. 304. If the defendant waits until judgment has been entered and then moves to vacate it on the ground of irregularity he takes the chance of having his motion denied in the event that his contention concerning his answer is not upheld. So it may be the safer practice to move to compel acceptance of the pleading. This, however, is not compulsory.

If the plaintiff's complaint is not properly verified of course the answer need not be. The plaintiff is a foreign corporation. The verification is by its president. It states that he is the president, and the form of the verification is that usually employed by a party. The reason why the verification is not made by the

plaintiff, and the grounds of the affiant's belief as to matters alleged upon information, are not stated. Where the party is a domestic corporation these things need not be set forth. The verification by an officer is the act of the corporation. Code Civ. Pro. § 525, subd. 1; *American Insulator Co.* v. *Bankers' & M. Telegraph Co.,* 7 Civ. Pro. 443; *Duryea, Watts & Co.* v. *Rayner,* 11 Misc. Rep. 294; *Henry* v. *Brooklyn Heights R. R. Co.,* 43 id. 589. The Code provision as to a foreign corporation is different. § 525, subd. 3. The verification to a pleading by such a corporation must state the grounds of belief but need not allege why the verification is not made by the party, as that would be senseless. *Robinson* v. *Ecuador Development Co.,* 32 Misc. Rep. 106; *Goodwin Preserving Co.* v. *Holton,* 167 N. Y. Supp. 46; Code Civ. Pro. § 526. While the plaintiff's verification in question does not state the grounds of belief as to the matters stated to be alleged on information it is not defective because in fact the complaint does not allege any matters upon information and belief. Hence, the verification to the complaint is proper and a verified answer was called for.

The first answer was served in time but was returned with the claim that its verification was defective. It was made by the attorney for the defendant and was in this form: " That he is the attorney for defendant in the above entitled action, and that he has read the answer herein and knows the contents thereof, and that the same is true. That the reason this verification is made by deponent and not by defendant is that defendant is absent from the county where deponent has his principal office and place of business, and deponent is familiar with the facts." To justify the attorney verifying on the ground that his client is absent it must be shown that the client is " not within the county where the attorney resides, or if the latter

is not a resident of the State, the county where he has his office, and capable of making the affidavit.'' Code Civ. Pro. § 525, subd. 3. This verification does not come within this rule. Nor is it properly made by the attorney on the claim that he has knowledge of the facts. The same section provides that the attorney may verify '' where all the material allegations of the pleading are within the personal knowledge of the agent or the attorney.'' This verification does not comport with this provision. It follows that the first answer was not properly verified.

Within a reasonable time after its return, although defendant's time to answer had then expired, defendant served another answer, called an amended one. This the defendant had the right to do. When an answer is returned for an alleged defect the defendant has a reasonable time within which to serve a new answer correcting the defect although the time to answer has expired. *Fusco* v. *Adam,* 11 N. Y. Supp. 735, 737; *Rosenthal* v. *Cohn,* 55 Misc. Rep. 533. This answer was likewise returned on the ground that it was not served in time and on the further ground that its verification was defective. As we have seen, the objection that it was not served in time was not well taken. It was verified by the attorney. The verification was in the usual form of a party's verification with the addition of the following: '' That the sources of deponent's information and the grounds of his belief are the possession by deponent of the original documents relating to the subject matter of the complaint and answer herein, and conversations with the agent of defendant, who represented her exclusively in the transactions mentioned in the complaint between plaintiff and defendant. That the reason this verification is made by deponent and not by defendant is that all the material allegations of this pleading are within the personal knowledge

of deponent, who is defendant's attorney." This verification is sought to be sustained because it is made by the attorney and contains the statement that " all the material allegations of this pleading are within the personal knowledge of deponent." This would be a perfectly good verification under subdivision 3 of section 525, but for the fact that other statements in the verification show that the attorney does not have personal knowledge of the matters alleged, and, moreover, all the denials in the answer are " upon information and belief." In such a situation the allegation that the attorney has personal knowledge is of no avail. It is refuted by the other statements showing that he has no knowledge but only information. This renders it insufficient. *Moran* v. *Helf,* 52 App. Div. 481; *Morris* v. *Fowler,* 99 id. 245.

The answer being improperly verified the plaintiff was justified in returning it. But the law required that the notice should specify the particulars wherein the verification was defective. The notice served did not do this. It merely stated that the verification " is defective and the same is not verified in compliance with the provisions of the Code of Civil Procedure." This is not the specific notice which is required and is insufficient to justify the return of the pleading. *Snape* v. *Gilbert,* 13 Hun, 494; *Rosenthal* v. *Cohn,* 55 Misc. Rep. 533; Code Civ. Pro. § 528. Pleaders insisting upon strict compliance with the rules of practice must follow the same themselves. The notice returning the answer being insufficient it was of no effect. The situation is the same as though the answer had not been returned. Hence, the motion for judgment on the claim that the defendant is in default should be denied, with ten dollars costs.

Motion denied, with ten dollars costs.