OPINION OF THE COURT
Christopher J. McCarthy, J.
For the reasons set forth below, the State’s motion to dismiss the claim pursuant to Court of Claims Act § 10 (3) and § 11 as untimely served is denied.
This claim, which was filed with the Clerk of the Court on August 2, 2005, alleges that, on April 28, 2005, defendant negligently failed to provide clean nail clippers to claimant while he was an inmate at Ulster Correctional Facility in Napanoch, New York. He further alleges that, as a result, he developed a methicillin resistant staphylococcus aureus infection.
Pursuant to Court of Claims Act § 10 (3), the provisions applicable to personal injury actions caused by negligence or unintentional torts, claimant was required to file and serve his claim within 90 days from the date of accrual unless a written notice of intention to file a claim was served upon the Attorney General within such time period. In that case, the claim itself was required to be filed and served upon the Attorney General within two years after the accrual of the claim. In either case, claimant was required to initiate action within 90 days of the claim’s accrual. Section 11 (a) of the Court of Claims Act requires that the Attorney General be served either personally or by certified mail, return receipt requested, within the applicable limitations period (90 days in this instance).
In his affirmation submitted in support of the State’s motion, defense counsel asserts that the Attorney General’s office received a claim without a proper verification on July 25, 2005 (see exhibit A attached to motion).
Counsel also asserts that CPLR 3022 states
“when a pleading is required to be verified, the recipient of an unverified or defectively verified pleading may treat it as a nullity provided that the recipient ‘with due diligence’ returns the pleading with notification of the reason(s) for deeming the verification defective (Lepkowski v State of New York, 1 NY3d 201, 210 [2003]; citing Matter of Miller v Board of Assessors, 91 NY2d 82, 86 [1997])” (Krenrich affirmation in support ¶ 6).
*768 “Citing the fact that the Claim did not contain the required verification language, Defendant rejected the Claim and returned it to Claimant the same day on which it was received, July 25, 2005.” (Krenrich affirmation in support 1Í 7; see exhibit B attached to motion.)
Claimant served the claim upon the Attorney General a second time, with a new verification, on August 18, 2005 (Krenrich affirmation in support 1111).
Defendant, in its verified answer, served September 14, 2005, raised the issue of timeliness as its seventh affirmative defense.
The claim accrued on April 28, 2005. Thus, the 90-day period during which claimant was required to initiate action either by serving his notice of intention or serving and filing his claim expired on Wednesday, July 27, 2005. Thus, the questions raised are: (1) was the claim served upon defendant on July 25, 2005, improperly verified, and (2) if so, was the claim properly rejected by defendant.
The claim was served upon defendant on July 25, 2005. By letter dated the same date, defendant notified claimant that, pursuant to CPLR 3022, defendant “is electing to treat the enclosed claim, received on July 25, 2005, as a nullity and is, therefore, rejecting and returning it to you because it does not contain the required verification language” (motion, exhibit B, at unnumbered second page). The letter did not elaborate as to what the required verification language should have been.
CPLR 3022 provides:
“A defectively verified pleading shall be treated as an unverified pleading. Where a pleading is served without a sufficient verification in a case where the adverse party is entitled to a verified pleading, he may treat it as a nullity, provided he gives notice with due diligence to the attorney of the adverse party that he elects so to do.”
Court of Claims Act § II (b) requires that notices of intention and claims “be verified in the same manner as a complaint in an action in the [SJupreme [C]ourt.” The Court of Appeals has declared that the language means precisely what it says and, thus, “embraces CPLR 3022’s remedy for lapses in verification” (Lepkowski v State of New York, 1 NY3d at 210). Thus, the sufficiency of claimant’s verification and defendant’s rejection at issue in this claim must be evaluated in the same manner as they would be in any other court where practice is governed by the CPLR. “A [claimant] who does not notify the adverse party’s *769 attorney with due diligence waives any objection to an absent or defective verification” (Lepkowski v State of New York, 1 NY3d at 210).
CPLR 3021 requires that, when a person other than a party makes the verification, the verification must include, inter alia, “the reason why it is not made by the party,” and CPLR 3020 (d) (3) authorizes a lawyer to make the verification when the party “is not in the county where the attorney has his [or her] office.”
In the verification accompanying the claim that was served on July 25, 2005, claimant’s counsel does not state why she[2] is verifying the claim and not claimant.
“The verifying attorney should make sure that the CPLR 3021 affidavit avers that the reason why the attorney is verifying is that the party ‘is’ not in the office county, just as the statute says and not ‘does not reside’ there or any other thoughtful notion not required by the statute.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3020:8.)
Counsel failed to provide information required by the statute in order to permit her to make the verification instead of claimant: in this instance, that claimant was not in the county where his lawyer’s office is located. Thus, the statement in the verification did not satisfy the statute and defendant was entitled to reject the July 25, 2005 claim as a nullity.
Pursuant to CPLR 3022, however, in order for a rejection to be effective, it must be done with due diligence and the notice of rejection must set forth the reason(s) for deeming the verification defective (Lepkowski v State of New York, 1 NY3d at 210; Matter of Miller v Board of Assessors, 91 NY2d at 86). The notice of the objection must state the defects relied upon with sufficient specificity that the party whose pleading is rejected has a reasonable opportunity to cure the defect (SLG Graybar v Hannaway Law Offs., 182 Misc 2d 217, 222 [Civ Ct, NY County 1999]; Westchester Life v Westchester Mag. Co., 85 NYS2d 34 [Sup Ct, NY County 1948]). 84 NY Jur 2d, Pleading § 62 provides:
“If the aggrieved party chooses to treat the unverified pleading as a nullity, and timely serves the *770 required notice on the adverse party, the notice must particularize the reasons why the verification is defective [(Matter of Miller v Board of Assessors, 91 NY2d 82 [1997], supra)] . . . Notices which state that the pleading does not comply with the CPLR are too general [(Treen Motors Corp., Inc. v Van Pelt, 106 Misc 357 [Sup Ct, Kings County 1919])].”
With respect to this claim, defendant’s rejection letter states that the claim is being returned because “it does not contain the required verification language” (motion, exhibit B, at unnumbered second page).
The court concludes that the State’s rejection letter does not specify the defect in the verification attached to the claim with sufficient specificity as it would if it stated what required language is missing. The language used by defendant is akin to stating that the verification does not comply with the CPLR.
Thus, the claim was not properly verified and not properly rejected. “[W]hen the pleading is returned with a defective notice, the situation is the same as if the pleading had not been returned at all” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3022:2). “Pleaders insisting upon strict compliance with the rules of practice must follow the same themselves” (Treen Motors Corp. v Van Pelt, 106 Mise at 361). Since the notice was insufficient, it had no effect. It is as if the claim had not been returned (id.). As the claim that was served on July 25, 2005 was timely, and the State’s purported rejection was of no effect, the motion to dismiss the claim as untimely served is denied.

. The verification was made by Shari M. Aber, who avers she is associated with the law office of John A. Corring, Esq., counsel for claimant.