MICHAEL P. GAFFEY et al., Appellants, v SYED I. SHAH, Respondent. [17 NYS3d 46]—

In an action to recover damages for personal injuries and injury to property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Toussaint, J.), dated October 18, 2014, which denied their motion for leave to enter a judgment against the defendant upon the defendant's alleged failure to appear or answer.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiffs commenced this action by filing a summons and verified complaint on January 16, 2014. The verification of the complaint was executed by the plaintiffs' attorney, who stated that the plaintiffs resided in a county other than that which the attorney maintained his office (*see* CPLR 3020 [d] [3]). A verified answer dated April 11, 2014, was served. The verification of the answer was executed by the defendant's attorney, who stated that the defendant resided in a county other than that which the attorney maintained his office. By letter dated April 18, 2014, the plaintiffs' attorney returned the defendant's verified answer, stating that it "fails to include a proper verification," without any further elaboration.

The plaintiffs subsequently moved for leave to enter a default judgment against the defendant, contending that the defendant's answer was defective because the defendant actually resided in the same county as that in which his attorney maintained an office. Further, they contended that, pursuant to CPLR 3022, they properly treated the defectively verified answer as unverified, and therefore, a nullity, which they were entitled to reject. The Supreme Court denied the motion.

"Pursuant to CPLR 3022, when a pleading is required to be verified, the recipient of an unverified or defectively verified pleading may treat it as a nullity provided that the recipient with due diligence returns the [pleading] with notification of the reason(s) for deeming the verification defective" (*Lepkowski v State of New York*, 1 NY3d 201, 210 [2003] [internal quotation marks and citation omitted]). Here, at the outset, the plaintiffs' rejection of the defendant's answer was ineffective, as it failed to specify the reasons or objections with sufficient

specificity (*see Matter of Steele v State of New York*, 19 Misc 3d 766 [Ct Cl 2008]; *Treen Motors Corp., Inc. v Van Pelt*, 106 Misc 357, 361 [Sup Ct, Kings County 1919]; Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3022). Moreover, as the Supreme Court properly found, the plaintiffs suffered no prejudice. Accordingly, the complained-of defect was properly "ignored" by the Supreme Court (*id.*; *see Case v Cayuga County*, 60 AD3d 1426, 1427 [2009]; *Duerr v 1435 Tenants Corp.*, 309 AD2d 607 [2003]). Leventhal, J.P., Cohen, Hinds-Radix and Duffy, JJ., concur.