Rahman v Desch (2025 NY Slip Op 01247)

Rahman v Desch

2025 NY Slip Op 01247

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-10169 
2023-10175
 (Index No. 601014/23)

[*1]Rezaur Rahman, et al., appellants, 
v
Kenneth Desch, et al., respondents.

John H. Mulvehill, St. James, NY, for appellants.
Ahmuty, Demers & McManus, Albertson, NY (Kevin J. Murtagh and Daniel Glattman of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated August 18, 2023, and (2) an order of the same court also dated August 18, 2023. The first order, insofar as appealed from, denied those branches of the plaintiffs' motion which were to strike the defendants' answer and, in effect, to preclude the defendants from offering into evidence transcripts of the plaintiffs' testimony at hearings held pursuant to General Municipal Law § 50-h. The second order, sua sponte, removed the action to the County Court, Suffolk County, pursuant to CPLR 325(d).
ORDERED that the appeal from the second order is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]), and leave to appeal has not been granted (see id. § 5701[c]); and it is further,
ORDERED that the first order is affirmed insofar as appealed from; and it is further,
ORDERED that on the Court's own motion, the parties to the appeals are directed to show cause before this Court why an order should or should not be made and entered imposing sanctions and/or costs, if any, including appellate counsel fees, upon the plaintiffs and/or the plaintiffs' counsel, John H. Mulvehill, pursuant to 22 NYCRR 130-1.1(c) as this Court may deem appropriate as to the issues raised by the plaintiffs on the appeal from the first order, by uploading an affirmation or affidavit on that issue, with proof of service thereof, to NYSCEF, on or before April 7, 2025; and it is further,
ORDERED that the Clerk of this Court, or his designee, is directed to serve a copy of this order to show cause upon the parties to these appeals, via upload to NYSCEF; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff Rezaur Rahman (hereinafter the injured plaintiff) allegedly sustained personal injuries when his vehicle was involved in a collision with the defendants' vehicle. The injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries. The defendants interposed an answer. The plaintiffs moved, among other things, to strike the defendants' answer on the ground that the verification by the defendants' attorney was defective and, in effect, to preclude the defendants from offering into evidence transcripts of the plaintiffs' testimony at hearings held pursuant to General Municipal Law § 50-h on the ground that the defendants failed to place the proper caption on the transcripts. In an order dated August 18, 2023, the Supreme Court, inter alia, denied those branches of the plaintiffs' motion. The plaintiffs appeal.
Contrary to the plaintiffs' contention, the Supreme Court properly denied that branch of their motion which was to strike the defendants' answer (see CPLR 3020, 3026; Gaffey v Shah, 131 AD3d 1006, 1007; Duerr v 1435 Tenants Corp., 309 AD2d 607, 607; Theodoridis v American Tr. Ins. Co., 210 AD2d 397). Furthermore, the court properly denied that branch of the plaintiffs' motion which was, in effect, to preclude the defendants from offering into evidence transcripts of the plaintiffs' testimony at hearings held pursuant to General Municipal Law § 50-h. There is no provision within the CPLR, the General Municipal Law, or the Uniform Rules for the Trial Courts that requires that a transcript of a hearing held pursuant General Municipal Law § 50-h bear any particular caption or index number, or the name of an assigned judge.
The plaintiffs' remaining contentions are either not properly before this Court or without merit.
Since the plaintiffs have raised arguments on their appeal from the first order dated August 18, 2023, that appear to be "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1[c][1]), and/or were undertaken primarily to delay or prolong the resolution of the litigation (see id. § 130-1.1[c][2]), that appeal may be frivolous (see Ethington v H & M Hennes & Mauritz, L.P., 210 AD3d 867, 868; Patouhas v Patouhas, 172 AD3d 1221, 1222). Accordingly, we direct the submission of affirmations or affidavits on the issue of whether, and in what amount, costs or sanctions in connection with that appeal should or should not be imposed upon the plaintiffs and/or the plaintiffs' counsel.
DILLON, J.P., MILLER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court